John K. Buche (CA Bar No. 239477) (Local Counsel)
BUCHE & ASSOCIATES, P.C.
2029 Century Park E., Suite 400N
Los Angeles, CA 90067
Tel: (310) 593-4193
Fax: (858) 430-2426
jbuche@buchelaw.com

Brent B. Baker (*pro hac vice forthcoming*)
Aaron D. Lebenta (*pro hac vice forthcoming*)
Jonathan D. Bletzacker (*pro hac vice forthcoming*)
PARSONS BEHLE AND LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
bbaker@parsonsbehle.com
alebenta@parsonsbehle.com
jbletzacker@parsonsbehle.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>    v.<br><br>SHE BEVERAGE COMPANY, INC., LUPE L. ROSE, SONJA F. SHELBY AND KATHERINE E. DIRDEN,<br><br>                    Defendants. | Civil Action No.: 2:21-cv-7339-CAS-AS<br><br>**DEFENDANTS SHE BEVERAGE COMPANY, INC.'S, LUPE L. ROSE'S, SONJA F. SHELBY'S AND KATHERINE E. DIRDEN'S ANSWER TO THE COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants She Beverage Company, Inc. ("**SheBev**"), Lupe L. Rose ("**Rose**"), Sonja F. Shelby ("**Shelby**") and Katherine E. Dirden ("**Dirden**") (SheBev, Rose, Shelby, and Dirden are collectively referred to herein as the "**Defendants**"), by and through undersigned counsel,

1

hereby files their Answer to the Complaint filed by Plaintiff Securities and Exchange Commission ("**Plaintiff**" or "**SEC**") by responding to each of the numbered paragraphs as follows:

## JURISDICTION AND VENUE

1.    Paragraph 1 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 1.

2.    The allegations in Paragraph 2 contain legal conclusions to which no response is required, and/or are vague and ambiguous in terms and scope which precludes Defendants from responding for lack of information or knowledge. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 2.

3.    Paragraph 3 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 3.

## SUMMARY

4.    Defendants admit that SheBev is located in Lancaster, California and produces beverages targeting female customers, among other products, services and events. The remaining allegations contained in paragraph 4 are denied.

5.    Defendants deny the allegations in paragraph 5.

6.    The allegations contained in paragraph 6 are vague and ambiguous as to timeline and scope, contain conclusions of law, and pertain to parties other than Defendants; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 6.

2

DEFENDANTS' ANSWER

7.      Defendants deny the allegations contained in paragraph 7.

8.      Defendants admit that the SEC seeks the relief sought in this action as alleged in paragraph 8, but deny that it is entitled to any of the relief sought.

## THE DEFENDANTS

9.      The allegation in paragraph 9 stating that "SHE Beverage promotes itself *primarily* as a beverage company" is vague and ambiguous; therefore, no response to this allegation is required.  To the extent a response is deemed required, Defendants deny that allegation contained in paragraph 9, and affirmatively allege that SheBev sells other products and has other business lines.  Defendants admit the other allegations in paragraph 9.

10.     Rose admits to the allegations contained in paragraph 10.

11.     The allegations contained in paragraph 11 are vague and ambiguous as to the timeframe of Shelby's positions.  Shelby denies that she is held out as the roles stated in paragraph 11.  Shelby admits that she lives in Palmdale, California and that she has never been registered with the SEC and has never held any securities licenses.

12.     Dirden admit to the allegations contained in paragraph 12.

## THE ALLEGATIONS

13.     Defendants admit to the allegations contained in paragraph 13.

14.     Defendants admit to the allegations contained in paragraph 14.

15.     Defendants admit that that SheBev has promoted itself as a woman-owned beverage manufacturer, selling beer and other brewed drinks, wine and bottled water aimed at female consumers.  Defendants deny that the remaining allegations in paragraph 15, and

3

DEFENDANTS' ANSWER

affirmatively allege that SheBev has and promotes other products and other business lines.

16.    The referenced term "offering documents" is vague and undefined, and Defendants therefore lack sufficient information or knowledge to respond to the allegations in paragraph 16.

17.    The referenced term "offering documents" is vague and undefined, and Defendants therefore lack sufficient information or knowledge to respond to the allegations in paragraph 17.

18.    The referenced term "offering documents" is vague and undefined, and Defendants therefore lack sufficient information or knowledge to respond to the allegations in paragraph 18.

19.    Defendants admit that at some point in time, not specified in paragraph 19, there was a three-person executive team.  The other allegations contained in paragraph 19 are vague and ambiguous as to time frame and scope, including but not limited to reference to the undefined "relevant period," and contain conclusions of law as to "ultimate decision-making authority" and "control"; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 19.

20.    Defendants admit that at some point in time, not specified in paragraph 20, there was a three-person executive team. The other allegations contained in paragraph 20 are vague and ambiguous as to time frame and scope, including but not limited to reference to the undefined "relevant period"; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 20.

4

21.     Defendants admit that at some point in time, not specified in paragraph 21, there was a three-person executive team. The others allegations contained in paragraph 21 are vague and ambiguous as to time frame and scope, including but not limited to reference to the undefined "relevant period"; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 21.

22.     Defendants admit to the allegations in paragraph 22.

23.     Defendants admit to the allegations in paragraph 23.

24.     Shelby denies the use of the email: Sonja@shebeverages.com.  Defendants admit to the remaining allegations in paragraph 24.

25.     Defendants deny the allegations contained in paragraph 25.

26.     Defendants admit the allegations contained in paragraph 26.

27.     Defendants admit to the allegations in paragraph 27.

28.     The allegations in paragraph 28 are vague and ambiguous because the time frame is undefined, as to the meaning of the terms "offering memoranda" and "investment guides," and because the allegation is compound as to "offered" and sold; therefore, no response to these allegations is required.  To the extent a response is deemed required, Defendants admit that SheBev offered and sold securities but deny the allegations regarding how it offered and sold securities.

29.     Defendants admit that SheBev offered and sold its shares through an offering memorandum ("2017 OM"), but states that the remaining allegations as to date ranges are vague and ambiguous and Defendants therefore lack sufficient knowledge or information to respond to

5

DEFENDANTS' ANSWER

the remaining allegations in paragraph 29 and therefore deny the same.

30.     Defendants admit to the allegations in paragraph 30.

31.     Defendants admit to the allegations in paragraph 31.

32.     Defendants admit that there was a cover letter and subscription agreement included with the 2017 OM, but affirmatively state that these documents speak for themselves as to their legal meaning and contents, and Defendants deny any characterization of the documents in paragraph 32 that conflicts with the language of the documents or takes them out of context. Defendants admit that, among other things, the subscription agreement requested prospective investors confirm their status as accredited investors.

33.     Defendants admit to the allegations in paragraph 33.

34.     Defendants admit that SheBev offered and sold its stock to investors through a private placement memorandum dated June 20, 2018 (the 2018 PPM), but states that the remaining allegations as to date ranges are vague and ambiguous and Defendants therefore lack sufficient knowledge or information to respond to the remaining allegations in paragraph 34 and therefore deny the same.

35.     Defendants admit to the allegations in paragraph 35.

36.     Defendants admit that the 2018 PPM offered She Beverage's common stock at $2.50 per share up to $25,000,000 but state that the 2018 PPM speaks for itself as to its legal meaning and contents, and Defendants deny any characterization of the 2018 PPM in paragraph 36 that conflicts with the language of the document or takes it out of context, including the characterization that the 2018 PPM offered up to $25 million of SheBev common stock.

6

DEFENDANTS' ANSWER

37. The referenced "PPM" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

38. Defendants admit that they provided the 2018 PPM, upon request, to some individuals during in-person meetings and, upon request, by email, but deny the remaining allegations in paragraph 38.

39. Defendants admit that Rose, Shelby and Dirden reviewed portions of the 2018 PPM, including the disclosures on use of proceeds, prior to providing it to individuals, but deny the remaining allegations in paragraph 39. Defendants also state that they relied in good faith on other professionals and consultants in preparing the PPM, as to the language used in the PPM, and the meaning of the provisions of the PPM.

40. The allegations contained in paragraph 40 are vague and ambiguous, and contain conclusions of law regarding solicitation; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 40.

41. Defendants admit that they created the investment guide which was given to current investors and deny all other allegations contained in paragraph 41.

42. Defendants admit to that the 2018 PPM and 2018 Investment Guide were available on one of SheBev's websites, along with other information about the company, for a period of time, but state that the remaining allegations in paragraph 42 regarding the time frame and use of the term "offering" are vague and ambiguous and constitute a legal conclusion, and therefore

7

DEFENDANTS' ANSWER

deny the remaining allegations.

43.    Defendants admit to the allegations in paragraph 43, but state that the referenced document speaks for itself as to its legal meaning and contents and deny any characterization of that document that is inconsistent therewith.

44.    The allegations contained in paragraph 44 are vague and ambiguous, and contain conclusions of law regarding solicitation; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 44.

45.    Defendants admit that the referenced guide was on the investor website but lack sufficient knowledge to respond to the allegations contained in paragraph 45 regarding the time period and which specific website.  To the extent that a response is required, Defendants deny the same.

46.    Defendants admit that Rose assisted with the preparation of the 2019 Investment Guide, and that Rose and Dirden knew it was available on one of the company's website for some period of time, but denies the remaining allegations contained in paragraph 46.

47.    Paragraph 47 contains a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the same.

48.    The referenced website sections speak for themselves as to their legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with those website sections or take them out of context.

49.    Defendants states that the company's website sections, and separate website for

8

DEFENDANTS' ANSWER

investors, speak for themselves as to their legal meaning and contents, and Defendants deny any allegations to the extent that they are inconsistent with those website sections or take them out of context.

50.     Defendants admit that SheBev sent email messages to existing investors in and after December 2017, but state that any email messages speak for themselves as to their legal meaning and contents, and deny any allegations that are inconsistent with the emails themselves or which take them out of context.  Defendants further state that the remaining allegations contained in paragraph 50 are vague and ambiguous regarding "promoted" and "securities offerings" and contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the remaining allegations contained in paragraph 50.

51.     The allegations contained in paragraph 51 are vague and ambiguous in discussing "formatted as letters to investors", and contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 51.  The referenced email speaks for itself as to its legal meaning and content and Defendants deny any allegations to the extent that they are inconsistent with the email or are taken out of context.

52.     The referenced email speaks for itself as to its legal meaning and content and Defendants deny any allegations to the extent that they are inconsistent with the email or are taken out of context.

53.     The referenced email speaks for itself as to its legal meaning and content and

9

Defendants deny any allegations to the extent that they are inconsistent with the email or are taken out of context.

54.     The referenced email speaks for itself as to its legal meaning and content and Defendants deny any allegations to the extent that they are inconsistent with the email or are taken out of context.

55.     The referenced email speaks for itself as to its legal meaning and content and Defendants deny any allegations to the extent that they are inconsistent with the email or are taken out of context.

56.     The referenced email speaks for itself as to its legal meaning and content and Defendants deny any allegations to the extent that they are inconsistent with the email or are taken out of context.

57.     The allegations contained in paragraph 57 are vague and ambiguous as to time period and scope; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 57.

58.     Defendants admit to the allegations in paragraph 58.

59.     Defendants admit to the allegations in paragraph 59.

60.     Defendants admit to the allegations in paragraph 60.

61.     The allegations regarding "offering materials" are vague and ambiguous and constitute legal conclusions; therefore, no response to this allegation is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 61.  Defendants deny the Plaintiff's characterization that the 2018 PPM and the 2018 Investment Guide are defined as

DEFENDANTS' ANSWER

"offering materials."

62.     The allegations contained in paragraph 62 are vague and ambiguous, and contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 62.

63.     Defendant Rose admits that she hosted a "meet & greet" but not on the dated stated in paragraph 63, and denies the remaining allegations characterizing the meeting and participants.  The remaining Defendants deny the allegations in paragraph 63 for lack of sufficient knowledge and information.

64.     The allegations in paragraph 64 are vague and ambiguous as to date of alleged conversations and are therefore denied for lack of sufficient knowledge and information.

65.     The allegations contained in paragraph 65 are vague and ambiguous, and contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 65.

66.     Defendants admit that they did offer referral bonuses but deny the other allegations contained in paragraph 66 as vague and ambiguous.

67.     Defendants admit that SheBev has more than 2,000 investors in multiple states. Defendants further state that the allegations of Paragraph 67 are vague and ambiguous as to time frame and scope and constitutes a legal conclusion as to the term "offering"; therefore, no response is required.  To the extent a response is deemed required, Defendants deny all of the remaining allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

11

DEFENDANTS' ANSWER

69.     The allegations contained in paragraph 69 are vague and ambiguous, and contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 69.

70.     The allegations contained in paragraph 70 are vague and ambiguous, and contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 70.

71.     Defendants admit that they signed various documents on behalf of SheBev and that Defendant Rose was listed as the contact on SheBev's press releases, but deny the legal contention that they "made" the statements as alleged in paragraph 61, and deny the remaining ambiguous and general statements alleged in paragraph 71.

72.     Defendants deny the allegations in paragraph 72.

73.     Defendants deny the allegations in paragraph 73.

74.     The referenced "OM" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with that document or takes any statement therein out of context.

75.     The referenced "OM" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with that document or takes any statement therein out of context.  Defendants further affirmatively deny any insinuation therein that SheBev did not have a business plan or did not use any proceeds for SheBev business.

76.     Defendants admit that that the 2018 PPM contains a use of proceeds section, but

12

DEFENDANTS' ANSWER

state that the allegations in paragraph 76 referencing the contents of the 2018 PPM are taken out of context, are incomplete and are not consistent with the language of the PPM.  Among other things, the allegations in paragraph 76 omit that: The PPM provides "estimates" of both the amount of money that would be received under the offering and the use of those funds.  More specifically, the offering of the PPM was set for a maximum of $25 million, but that number was not reached, as is often the case.  Based on that maximum amount, in the "Use of Proceeds" section of the PPM, SheBev "estimated" that the net proceeds that it would receive $25 million, and the use of those proceeds was broken into three "estimate" categories, including "Working Capital/Operating Expenses" (50%), "Inventory" (30%) and "Sales, Marketing, Salaries" (20%). Notably, there was no category for "beverages," and no representation that any of the funds, let alone 30% of the funds, would be used for "beverages."  Moreover, Plaintiff's references to the table showing the "use of proceeds," also omits the following pertinent language: "The amounts set forth above are only an estimate. The Company is unable to predict precisely what amount will be used for any particular purpose.  To the extent the proceeds received are inadequate in any areas of expenditures, supplemental amounts may be drawn from working capital, if any. Conversely, any amounts not required for proposed expenditures will be retained and used for working capital.  Should the proceeds actually received, if any, be insufficient to accomplish the purposes set forth above, the Company may be required to seek other sources to finance the Company's operations, including individuals and commercial lenders."  Defendants therefore affirmatively state that the PPM speaks for itself and denies all remaining allegations in paragraph 76 except that the 2018 PPM contains a use of proceeds section.

DEFENDANTS' ANSWER

77.     Defendants deny the allegations in paragraph 77 for the reasons stated in Paragraph 76.  Defendants further state that the referenced PPM speaks for itself as to its legal meaning and contents.

78.     The allegations contained in paragraph 78 are vague and ambiguous, and contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 78.

79.     The referenced "Investment Guide" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize that document or take statements out of context or omit other relevant statements therein.

80.     The referenced "Investment Guide" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize that document or take statements out of context or omit other relevant statements therein.  Defendants also state that the investment guide discussed other business lines and products in addition to the beverage lines.

81.     Defendant deny the allegations contained in paragraph 81, including all subparts and subparagraph.

82.     Defendants deny the allegations in paragraph 82.

83.     The referenced "offering materials" speak for themselves as to their legal meaning and Defendants deny any allegations to the extent that they are inconsistent with those documents.  Defendants further deny that SheBev's purchases of inventory was less than

14

represented in any of SheBev's documents.

84.     The allegations contained in paragraph 84 are vague and ambiguous, contain conclusions of law, and pertain to parties other than Defendants; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 84.

85.     Defendants deny the allegations in paragraph 85.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     The referenced "OM" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

89.     The referenced "PPM" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context. Defendants further deny the allegations and calculations in paragraph 89 as to the amount of money SheBev raised through the 2018 PPM.

90.     Defendant deny the allegations contained in paragraph 90, including all subparts and subparagraph.

91.     Defendants deny the allegations contained in paragraph 91.

92.     Defendants deny that SheBev's principals used investor money for their personal expenses, and therefore deny the allegations in paragraph 92.

15

93.    The allegations contained in paragraph 93 are vague and ambiguous, contain conclusions of law, and pertain to parties other than Defendants; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 93.

94.    Defendants deny the allegations in paragraph 94.

95.    Defendants deny the allegations in paragraph 95.

96.    The referenced "PPM" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

97.    The referenced "PPM" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

98.    The referenced "PPM" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

99.    Defendants deny the allegations in paragraph 99 and affirmatively state that the referenced statement speaks for itself as to its legal meaning and Defendants deny any allegations to the extent that they are inconsistent with that statement or to the extent that the Plaintiff mischaracterizes or misquotes the statements from the PPM.  Furthermore, Defendants state that the Plaintiff misquotes the statement in the PPM which actually states that the company has generated "***approximately*** $4-5 million in revenue."

16

DEFENDANTS' ANSWER

100.    Defendants deny the allegations contained in paragraph 100.  Furthermore, Defendants state that the "event revenue" listed in paragraph 101, also includes merchandise sales.

101.    The referenced "financial statements" speak for themselves as to their legal meaning and Defendants deny any allegations to the extent that they are inconsistent with those documents.  Furthermore, Defendants state that they disclosed company financials to investors upon request prior to the filing of the Form S-1, but they were not audited financials.  The audited financials were completed just prior to the filing of Form S-1.

102.    Defendants deny the allegations in paragraph 102 to the extent that they are predicated on that erroneous characterization of the PPM, and affirmatively state that the audited financial statements speak for themselves, and Defendants deny any allegations to the extent that they are inconsistent with that statement.  Furthermore, Defendants state that "event revenue" includes product and merchandise sales that occurred during the events.

103.    The allegations contained in paragraph 103 are vague and ambiguous, contain conclusions of law, and pertain to parties other than Defendants; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants deny the allegations in paragraph 105.

106.    Defendants deny the allegations in paragraph 106.  Defendants affirmatively state that they gave multiple tours of the facility to show the progress of the construction and

DEFENDANTS' ANSWER

represented that it was in progress and continually gave updates on the progress to investors.

107.    The referenced "email" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

108.    The referenced "press release" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

109.    The referenced "press release" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

110.    The referenced "press release" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

111.    The allegations in paragraph 111 are vague and ambiguous in that the referenced press releases are not identified; therefore, no response is required.  To the extent a response is required, Defendants state that referenced "press releases" speak for themselves as to their legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize those documents or take statements therein out of context.

112.    The referenced "press release" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

DEFENDANTS' ANSWER

113.   The referenced "investment guide" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

114.   The referenced "Form S-1" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

115.   The allegations contained in paragraph 115 are vague, ambiguous and confusing as the complaint does not allege that Defendants represented that the Brewery was "operational"; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 115.

116.   Defendants admit that it does not yet have an operational brewery but is close to having it operational, which is the same representation made to investors.  Delays have occurred, in part, because of permit and construction delays due to city and county delays and requirements and Covid-19.  SheBev had brewers who brewed proprietary products and leased equipment at the contract facility.  Defendants deny all other allegations in paragraph 116 that are not consistent with this statement.

117.   Defendants deny the allegations in paragraph 117.

118.   Defendants state that construction is not complete, but it has been ongoing and is close to completion.  Delays have occurred, in part, because of permit and construction delays due to city and county delay and requirements and Covid-19.  Equipment has been installed. Defendants deny all other allegations in paragraph 118 that are not consistent with this

19

DEFENDANTS' ANSWER

statement.

119.   Defendants admit that it has not received a certificate of occupancy yet from the city which will come after the final inspection, but Defendants do have an Assembly Occupancy approval from the fire department for Brewery / Bar / Banquet Hall.  Also, delays in the construction have occurred, in part, because of permit and construction delays due to city and county delay requirements and Covid-19.

120.   Defendants admit that it has not brewed on site because the location is not yet operational but is still in process.  Delays in the construction have occurred, in part, because of permit and construction delays due to city, county delay and requirements and Covid-19.

121.   Defendants admit that its small beer manufacturer license was suspended and deny all other allegations contained in paragraph 121.

122.   The allegations contained in paragraph 122 are vague and ambiguous, contain conclusions of law, and pertain to parties other than Defendants; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 122.

123.   Defendants deny the allegations contained in paragraph 123.

124.   Defendants deny the allegations contained in paragraph 124.

125.   Defendants deny the allegations contained in paragraph 125.

126.   The referenced "Investment Guide" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

20

127.    The referenced "recorded meeting" speaks for itself as to its legal meaning and Defendants deny any allegations to the extent that they are inconsistent with that recording. Furthermore, Defendants deny that an investor meeting occurred on or about June 2, 2019.

128.    In response to the allegations contained in paragraph 128, Defendants state that it did have proprietary formulas but did not have FDA-approval as it was not necessary nor applicable to their formulas.  Also, Defendants state that they made representation that they manufactured at an "FDA approved facility."

129.    Defendants admit to the allegations contained in paragraph 129.

130.    Defendants admit to the allegations contained in paragraph 130.

131.    Defendants deny the allegations contained in paragraph 131.

132.    Defendants admit to the allegations contained in paragraph 132, but state that their bottled water did not require FDA approval and that Defendants made statements that they manufactured at an "FDA approved facility."

133.    The allegations contained in paragraph 133 are vague and ambiguous, contain conclusions of law, and pertain to parties other than Defendants; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 133.

134.    Defendants deny the allegations in paragraph 134.

135.    Defendants deny the allegations in paragraph 135.

136.    Defendants admit to the allegations contained in paragraph 136.

137.    The referenced "Investment Guide" speaks for itself as to its legal meaning and

DEFENDANTS' ANSWER

contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

138.    The referenced recording speaks for itself as to its legal meaning and Defendants deny any allegations to the extent that they are inconsistent with that recording.  Moreover, Defendants deny that an "investor meeting" occurred on that date.  Rose spoke at a women's conference that did not involve the company or investors.  Defendants also deny the characterization of "touted" as ambiguous, unclear, and untrue.

139.    Defendant deny the allegations contained in paragraph 139.

140.    The allegations contained in paragraph 140 are vague and ambiguous; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 140.

141.    The allegations contained in paragraph 141 pertain to parties other than Defendants; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 141.

142.    The allegations contained in paragraph 142 are vague and ambiguous, contain conclusions of law, and pertain to parties other than Defendants; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 142.

143.    Defendants deny the allegations contained in paragraph 143.

144.    Defendants deny the allegations contained in paragraph 144.

145.    The referenced "Investment Guide" speaks for itself as to its legal meaning and

22

contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

146.    The referenced "records" speak for themselves as to their legal meaning and Defendants deny any allegations to the extent that they are inconsistent with those documents.

147.    The allegations contained in paragraph 147 are vague and ambiguous, contain conclusions of law, and pertain to parties other than Defendants; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 147.

148.    Defendants deny the allegations in paragraph 148.

149.    Defendants deny the allegations in paragraph 149.

150.    Defendants admit that the share price was at $2.50 and that the share price would likely go up with an IPO, which Defendants believed was true and correct based on analysis and projections from consultants and professionals. The other allegations contained in paragraph 150 are vague and ambiguous as to timeframe and the "offering", and contain conclusions of law including materiality; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 150.

151.    The allegations made in paragraph 151 are incomplete. Defendants state that they made representations that they were working on the IPO and had a goal to file an IPO, which were true statements. Defendants also state that they needed audited financials in order to file the IPO and made those representations to investors. Once the audited financials were completed, the IPO was in fact filed. A combination of Covid-19 issues which caused market

23

DEFENDANTS' ANSWER

uncertainty and instability, and the SEC investigation into the SheBev at the same time, resulted in not going forward with the Form S-1at that time.  The other allegations contained in paragraph 151 are vague and ambiguous, and contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 151.

152.    The referenced "email" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

153.    The referenced "notice to shareholders" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

154.    The referenced "press release" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

155.    The referenced "email" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

156.    The referenced "email" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

157.    The referenced "press release" speaks for itself as to its legal meaning and

24

contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

158.    The referenced "registration" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

159.    The referenced "financial statements" speak for themselves as to their legal meaning and Defendants deny any allegations to the extent that they are inconsistent with those documents.

160.    The allegations contained in paragraph 160 are vague and ambiguous, contain conclusions of law, and pertain to parties other than Defendants; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 160.

161.    Defendants deny the allegations contained in paragraph 161.

162.    Defendants deny the allegations contained in paragraph 162.

163.    Defendants admit to the allegations contained in paragraph 163.

164.    The referenced "press release" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

165.    The referenced "email" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

25

DEFENDANTS' ANSWER

166.   The referenced "email" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

167.   Defendants admit to the allegations contained in paragraph 167.

168.   The allegations contained in paragraph 168 are vague and ambiguous relating to an "independent valuation"; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 168.

169.   The referenced "PPM" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

170.   Defendants admit to the allegations contained in paragraph 170.

171.   The referenced "Form S-1" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

172.   The disclosures to investors speak for themselves as to their legal meaning and Defendants deny any allegations to the extent that they are inconsistent with those documents.

173.   The allegations contained in paragraph 173 are vague and ambiguous, contain conclusions of law, and pertain to parties other than Defendants; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 173.

174.   Defendants deny the allegations contained in paragraph 174.

DEFENDANTS' ANSWER

175.   Defendants deny the allegations contained in paragraph 175.

176.   The referenced "Form S-1" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

177.   The allegations as to the effect of the "Form S-1" filed with the SEC, including that it "offered" shares is a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny that the S-1 "offered" any shares at the time it was filed with the SEC, prior to it becoming effective.  Defendants further state that the referenced "Form S-1" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

178.   The referenced "Form S-1" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

179.   Shelby did not assist in the preparation of the Form S-1 and therefore denies the allegations in paragraph 179.  Rose and Dirden admit that they provided information to assist in the preparation of the Form S-1 and reviewed it before it was filed, but not in its entirety.  Rose and Dirden affirmatively allege, however, that they hired professionals, including independent auditors, and an outside consultant who in turn retained an attorney to assist and advise in the preparation and filing of the Form S-1 for SheBev.  Defendants deny the allegations in paragraph 179 to the extent it omits or is inconsistent with these additional facts.

27

180.   The referenced "letter" speaks for itself as to its legal meaning and contents and Defendants deny any allegations to the extent that they are inconsistent with or mischaracterize the language in that document or takes such language out of context.

181.   Defendants admit to the allegations contained in paragraph 181.  Furthermore, Defendants state that they disclosed company financials to investors upon request prior to the filing of the Form S-1, but they were not audited financials.  The audited financials were completed just prior to the filing of Form S-1.

182.   Defendants admit to the allegations contained in paragraph 182.  However, Defendants affirmatively allege that it did not proceed further with the S-1 due to market conditions, including those caused by the COVID-19 pandemic, and that the SEC investigation slowed progress on the S-1.

183.   Defendants deny the allegations contained in paragraph 183.

184.   Defendants deny the allegations regarding "offering materials" as undefined, vague and ambiguous.  Rose admits to other allegations stated in paragraph 184 regarding her role, but also states that she relied upon professional consultants to prepare the referenced documents and in order to understand the referenced documents.  Furthermore, the signed documents, emails, and disclosures speak for themselves as to their legal meaning and Defendants deny any allegations to the extent that they are inconsistent with those documents.

185.   Defendants deny the allegations regarding "offering materials" as undefined, vague and ambiguous.  Shelby denies that allegations stating that she was the "most senior financial officer" and that she "working directly with the consultant who assisted in the

DEFENDANTS' ANSWER

preparation of SHE Beverage's offering materials." Shelby admits to other allegations stated in paragraph 184 regarding her role, but also states that she relied upon professional consultants to prepare the referenced documents and in order to understand the referenced documents. Furthermore, the signed documents, emails, and disclosures speak for themselves as to their legal meaning and Defendants deny any allegations to the extent that they are inconsistent with those documents.

186.    Defendants deny the allegations regarding "offering materials" as undefined, vague and ambiguous. Dirden admits to other allegations stated in paragraph 184 regarding her role, but also states that she relied upon professional consultants to prepare the referenced documents and in order to understand the referenced documents. Furthermore, the signed documents, emails, and disclosures speak for themselves as to their legal meaning and Defendants deny any allegations to the extent that they are inconsistent with those documents.

187.    Defendants admit to the allegations contained in paragraph 187.

188.    The allegations contained in paragraph 188 contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 188.

189.    The allegations contained in paragraph 189 contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 189.

190.    The referenced "OM" and "PPM" speak for themselves as to their legal meaning and Defendants deny any allegations to the extent that they are inconsistent with those

DEFENDANTS' ANSWER

documents.

191.   Defendant deny the allegations contained in paragraph 191.

192.   The allegations contained in paragraph 192 contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 192.

193.   Defendants admit that they had investors from numerous states.

194.   The allegations contained in paragraph 194 contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 194.

195.   The allegations contained in paragraph 195 are vague and ambiguous; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 195.

196.   The allegations contained in paragraph 196 contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 196.

197.   The allegations contained in paragraph 197 contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 197.

198.   The allegations contained in paragraph 198 contain conclusions of law; therefore, no response to these allegations is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 198.

DEFENDANTS' ANSWER

## FIRST CLAIM FOR RELIEF

**Fraud in the Connection with the Purchase and Sale of Securities
Violations of Section 10(b) of the Exchange Act and Rule 10b-5
(against all Defendants)**

199.   No response is required to paragraph 199.

200.   Defendants deny the allegations contained in paragraph 200.

201.   Defendants deny the allegations contained in paragraph 201.

202.   Defendants deny the allegations contained in paragraph 202.

203.   Defendants deny the allegations contained in paragraph 203.

## SECOND CLAIM FOR RELIEF

**Fraud in the Offer of Sale of Securities
Violations of Section 17(a) of the Securities Act
(against all Defendants)**

204.   No response is required to paragraph 204.

205.   Defendants deny the allegations contained in paragraph 205.

206.   Defendants deny the allegations contained in paragraph 206.

207.   Defendants deny the allegations contained in paragraph 207.

208.   Defendants deny the allegations contained in paragraph 208.

## THIRD CLAIM FOR RELIEF

**Unregistered Offer and Sale of Securities
Violations of Section 5(a) and 5(c) of the Securities Act
(against all Defendants)**

209.   No response is required to paragraph 209.

210.   Defendants deny the allegations contained in paragraph 210.

31

211.   Defendants deny the allegations contained in paragraph 211.

212.   Defendants deny the allegations contained in paragraph 212.

213.   Defendants deny each and every allegation in the Complaint that has not been specifically and directly admitted, including, but not limited to, each header that the SEC used in its allegation section, and each allegation and paragraph in the section entitled, "Prayer for Relief."

## DEFENSES

Without assuming any burden of proof that it would otherwise not bear, Defendants also assert the following defenses to the Plaintiff's allegations and claims in the Complaint. These defenses are in addition to the defense that the claims asserted fail by reason of the lack of evidence to prove, under the applicable burden of proof, each required element of those claims and/or defenses by way of statutory defenses stated within the statutes cited by the Plaintiff for each cause of action.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claim for relief seeking disgorgement, restitution, and civil monetary penalties violated the Excessive Fines Clause of the Eighth Amendment of the United States Constitution. Seeking disgorgement, restitution, and punitive civil penalties for the same conduct is

duplicative, grossly disproportional to the alleged conduct, and excessive in contravention of the Eighth Amendment.

## THIRD DEFENSE

Plaintiff's claims and any remedies sought are barred or reduced, in whole or in part, to the extent that Plaintiff seeks relief beyond the applicable statutes of limitations or statutes of repose.

## FOURTH DEFENSE

The Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants acted in good faith and in the belief that their conduct conformed with all applicable laws and regulations at all material times.

## FIFTH DEFENSE

Plaintiff's claim and any remedies sought are barred or reduced, in whole or in part, because the Defendants did not act with the requisite mental state with respect to any of the alleged violations at issue.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they are based on the acts or omissions of other parties.

## SEVENTH DEFENSE

The Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants reasonably relied in good faith upon the representations, information, opinions, advice, professional judgment, and statements prepared or presented by legal counsel,

33

professional advisors and industry experts, whom Defendants reasonably believed to be fully informed, honest, reliable, and competent in the matters presented.

### EIGHTH DEFENSE

Defendants' actions were consistent with industry and regulatory standards.

### NINTH DEFENSE

Defendants exercised appropriate business judgment and their actions were always consistent with appropriate business judgment.

### TENTH DEFENSE

For Plaintiff's claims requiring proof of scienter, evidence of recklessness is insufficient to satisfy the scienter requirement.

### ELEVENTH DEFENSE

The Plaintiff's claims against Defendants are barred, in whole or in part, because the any alleged misstatements, misrepresentations and/or omissions are not material and/or did not have any material effect on any investor's decision to purchase stock.

### TWELFTH DEFENSE

The Plaintiff's claim for injunctive relief is barred because there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any alleged violation will be repeated. The Plaintiff's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit.

### THIRTEENTH DEFENSE

DEFENDANTS' ANSWER

The Plaintiff's claim for penalties is barred because any alleged violation was unintentional; the harm caused, if any, is insufficient to warrant a penalty; the lack or degree of scienter does not support a penalty; Defendants have no previous violations; no deterrence purpose would be served; Defendants acted in good faith; Defendants cooperated with all investigations; and it would be fundamentally unfair to impose penalties on Defendants in light of the lack of fair notice that their conduct violated the law.

## FOURTEENTH DEFENSE

The Plaintiff's claim for an officer or director bar is barred because, inter alia, there has been no violation of the Securities Act or the Exchange Act and because Defendants are not unfit to serve as officers or directors of a public company.

## FIFTEENTH DEFENSE

Any alleged injuries or damages sustained by the investing public were the direct and proximate result of one or more independent, unforeseeable, and superseding causes that were outside of Defendants' control.

## SIXTEENTH DEFENSE

Defendants presently have insufficient knowledge or information regarding whether they may have additional, as yet un-asserted defenses, and reserves the right to assert further defenses as may become necessary as this case develops.

## SEVENTEENTH DEFENSE

The Plaintiff's claims against Defendants are barred, in whole or in part, to the extent that the underlying facts of the claims lack an offer or sale of securities in interstate commerce.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that it be dismissed as against them, that Defendants be awarded any fees, including attorney fees and costs which are allowed by law, and that the Court grant such other relief as is deemed appropriate.

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury on any and all issues so triable.

Dated: November 15, 2021                    Respectfully submitted,

BUCHE & ASSOCIATES, P.C.

By: /s/ John K. Buche
John K. Buche (SBN 239477)
Local Counsel
2029 Century Park E., Suite 400N
Los Angeles, CA 90067
Tel: (310) 593-4193
jbuche@buchelaw.com

PARSONS BEHLE AND LATIMER
Brent B. Baker (*pro hac vice forthcoming*)
Aaron D. Lebenta (*pro hac vice forthcoming*)
Jonathan D. Bletzacker (*pro hac vice forthcoming*)
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111

*Attorneys for Defendants*

DEFENDANTS' ANSWER

**CERTIFICATE OF SERVICE**

On November 15, 2021, I electronically filed this document with the Clerk's Office using the CM/ECF system, which then sent a Notice of Electronic Filing to all registered attorneys in this case.

Dated: <u>November 15, 2021</u>          <u>/s/ John K. Buche</u>
                                           John K. Buche

DEFENDANTS' ANSWER