UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:21-cv-7339-CAS (ASx) | Date | October 31, 2022 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE CO., INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - MOTION TO WITHDRAW AS ATTORNEYS OF RECORD FOR DEFENDANT SHE BEVERAGE COMPANYY, INC. (Dkt. 53, filed on OCTOBER 21, 2022)

The Court finds that the motion to withdraw as attorneys of record for SHE Beverage Company, Inc. is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On September 14, 2021, plaintiff Securities and Exchange Commission (the "SEC") filed a complaint in a civil enforcement action against defendants SHE Beverage Company, Inc., ("SHE Beverage"), Lupe L. Rose, Sonja F. Shelby, and Katherine E. Dirden, alleging violations of sections 5 and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77(e)(a), 77(e)(c), 77q(a), and section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5(a)-(c). Dkt. 1 at 3. On November 15, 2021, defendants filed an answer to plaintiff's complaint. Dkt. 13.

On July 22, 2022, Brent R. Baker, Aaron D. Lebenta, Jonathan D. Bletzacker, and John K. Buche, filed a motion to withdraw as attorneys of record for defendants pursuant to Local Rule 83-2.3.2. Dkt. 39. On August 18, 2022, notices of appearance were filed by Koren L. Bell, Stephen Gerard Larson, and Jane Harrington Davidson, (collectively, "Larson"), stating their appearances as counsel of record for defendants SHE Beverage and Lupe L. Rose. Dkts. 44, 45, 46. On August 22, 2022, the Court denied as moot the motion to withdraw as attorneys of record as to SHE Beverage and Lupe L. Rose. Dkt. 47.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:21-cv-7339-CAS (ASx) | Date | October 31, 2022 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE CO., INC., ET AL. | | |

    On October 21, 2022, Larson filed a motion to withdraw as attorneys of record for SHE Beverage and a request for approval of substitution of counsel for Lupe L. Rose. Dkts. 52, 53. On October 21, 2022, the Court granted the request for approval of substitution of counsel for Lupe L. Rose, who is proceeding *pro se*. Dkt. 56. Larson requests to withdraw as attorneys of record for SHE Beverage on several grounds, including lack of compliance with the terms of the engagement letter and a conflict of interest, which prevent counsel from effectively representing SHE Beverage. Dkt. 53 at 4. Larson states that it can share further information *in camera*, consistent with the attorney-client privilege and duty of loyalty. Id. at 6. The motion to withdraw additionally states that counsel has provided SHE Beverage with notice of the motion and informed SHE Beverage of its inability to appear *pro se* in this matter pursuant to Local Rule 82-2.3.4. Id. at 5. SHE Beverage agrees with the motion and is working towards retaining replacement counsel. Id.

    On October 24, 2022, the SEC filed an opposition to Larson's motion to withdraw. Dkt. 55. In its opposition, the SEC argues that the motion to withdraw is a "delay tactic[] for the purpose of preventing the SEC from furthering its case." Id. at 1. On October 27, 2022, the SEC filed a revised opposition to Larson's motion to withdraw. Dkt. 58.

    In its revised opposition, the SEC requests, in the event that the Court grants the motion to withdraw, that (1) SHE Beverage be held in default if a new attorney does not appear on its behalf within seven days of the order granting the motion to withdraw; (2) the SEC be permitted to conduct any discovery permitted by the Federal Rules of Civil Procedure, including conducting depositions of the individual defendants, re-noticed for October 26, 2022, November 2, 2022, and November 9, 2022; (3) service on the individual defendants at their last known physical addresses and email addresses be deemed effective for all purposes in this proceeding pursuant to Federal Rule of Civil Procedure 5(b)(2); (4) service on SHE Beverage at its principal address listed with the California Secretary of State be deemed effective for all purposes in this proceeding pursuant to Rule 5(b)(2); (5) the individual defendants be held in default if they do not appear for their re-noticed depositions or fail to respond to discovery requests. Id. at 4-5.

    Local Rule 83-2.3.2 allows an attorney to withdraw as counsel only upon leave of court. "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-cv-7339-CAS (ASx) | Date | October 31, 2022 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE CO., INC., ET AL. | | |

action. The motion for leave to withdraw must be supported by good cause." L.R. 83-2.3.2. Under Local Rule 83-2.2.2, organizations and entities of any kind may not represent themselves *pro se*. Failure to comply with this rule may be cause for sanctions, including dismissal or judgment by default. L.R. 83-2.2.4. "An attorney requesting leave to withdraw from representation of an organization of any kind . . . must give written notice to the organization of the consequences of its inability to appear pro se." L.R. 83-2.3.4.

     The Court concludes that moving counsel have made a sufficient showing of good cause and thus **GRANTS** the motion to withdraw as attorneys of record for SHE Beverage. Since SHE Beverage is a corporate entity, and, as such may not appear *pro se*, SHE Beverage must retain new counsel within thirty (30) days of the date this order takes effect. Moving counsel shall advise SHE Beverage that its failure to retain new counsel or otherwise respond within thirty (30) days may result in the imposition of sanctions, including, but not limited to, the striking of SHE Beverage's answer. Moving counsel shall attach a copy of this order to the letter and shall otherwise comply with all applicable rules of professional responsibility.

     Discovery and the depositions of the three individual defendants may proceed as re-noticed, notwithstanding this order. Service of any motions, filings, or other papers on the individual defendants at their last known physical addresses and email addresses and on SHE Beverage at its principal address listed with the California Secretary of State shall be deemed effective for all purposes in this proceeding pursuant to Rule 5(b)(2). The Court denies without prejudice the SEC's request that SHE Beverage be held in default if a new attorney does not appear on its behalf within seven days and the SEC's request that the individual defendants be held in default if they do not appear for their re-noticed depositions or fail to respond to discovery requests.

     IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |