UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
|---|---|---|---|
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Stephen Kam

Attorneys Present for Defendants:

Lupe Rose, Pro Se
Sonja Shelby, Pro Se
Katherine Dirden, Pro Se

**Proceedings:** MOTION FOR DEFAULT JUDGMENT (Dkt. 93, filed on August 18, 2023)

## I.    INTRODUCTION

On September 14, 2021, plaintiff United States Securities and Exchange Commission ("SEC") filed this action against defendant SHE Beverage, Inc., ("SHE Beverage"), and defendants Lupe L. Rose, Sonja F. Shelby, and Katherine E. Dirden (the "Individual Defendants"). Dkt. 1 at 2 ("Compl."). The SEC alleges that Defendants violated Sections 5 and 17(a) of the Securities Act of 1993 ("Securities Act"), 15 U.S.C. §§ 77(e)(a), 77(e)(c), 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b5(a)-(c), by conducting a fraudulent offering between 2017 and 2019 and raising $15.4 million. Dkt. 1 at 3.

On November 15, 2021, defendants filed an answer to the complaint. Dkt. 13.

On October 21, 2022, Larson LLP ("Larson") filed a motion to withdraw as attorneys of record for defendant SHE Beverage. Dkt. 53. On October 31, 2022, the Court granted Larson's motion to withdraw. Dkt. 60. The Court ordered SHE Beverage to retain new counsel within 30 days, because SHE Beverage is a corporate entity and as such may not appear *pro se* under Local Rule 83-2.2.2. Id. at 3.

On December 19, 2022, plaintiff requested that the Clerk of Court enter default against SHE Beverage for failing to retain new counsel in compliance with the Court's order. Dkt. 73. On December 21, 2022, the Court issued an order requiring SHE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
|---|---|---|---|
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

Beverage to show cause as to why Clerk's default should not be entered against it for failure to retain new counsel. Dkt. 75.

On January 6, 2023, defendant Rose requested additional time to find counsel for defendant SHE Beverage. Dkt. 77. On January 13, 2023, the Court granted Rose's request and gave thirty days to find new counsel for SHE Beverage.

On March 30, 2023, SHE Beverage remained unrepresented, and the Clerk of Court entered default judgment against the company. Dkt. 89, 90.

On August 18, 2023, the SEC filed the instant motion for default judgment against SHE Beverage. Dkt. 93.

On September 19, 2023, the Court held a hearing. SHE Beverage, as a corporate entity, did not appear.

SHE Beverage, as a corporate entity, has not appeared or responded in any way since Larson withdrew as its attorneys of record on October 31, 2022.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  BACKGROUND

Defendant SHE Beverage is a California corporation, incorporated in 2015, with its principal place of business in Lancaster, California. Dkt. 93-1, at 2. The company was promoted as a women-owned beverage manufacturer that sold various drinks aimed at female consumers. Dkt. 1 ¶ 15. According to SHE Beverage's offering documents, Defendant Lupe Rose is the company's co-founder, owner, chief executive officer, president, and chair of the board of directors. Id. ¶ 16. Defendant Sonja Shelby is listed as the company's cofounder, owner, vice president, treasurer, vice chair, chief financial officer, principal financial officer, and a member of the board of directors. Id. ¶ 17. Defendant Katherine Dirden is listed as the company's chief operations officer, investor relations director, and a member of the board of directors. Id. ¶ 18. Together, the Individual Defendants constituted SHE Beverage's executive management from 2017 to 2019 (the "Relevant Period"). Id. ¶¶ 19-21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
|---|---|---|---|
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

The SEC alleges that, during the Relevant Period, SHE Beverage raised over $15 million from unregistered stock sales to more than 2,000 investors. Dkt. 1 ¶ 4. SHE Beverage offered and sold these securities using offering memoranda, investment guides, its websites, emails, and verbal communications. Id. ¶ 28. Between October 2017 and June 2018, the company offered and sold shares of common stock at $2.50 per share through an offering memorandum. Dkt. 93-1 at 4. In June 2018, SHE Beverage also offered and sold stock to investors through a private placement memorandum dated June 30, 2018, which offered up to $25 million of SHE Beverage's common stock at $2.50 per share. Id. Investors purchased shares using cash, checks, credit cards, and electronic payment processors. Dkt. 1 ¶ 27. At times, defendants offered various deals to incentivize investment in SHE Beverage (e.g., two-for-one deals, referral bonuses). Id. ¶¶ 52, 66. Overall, SHE Beverage had more than 2,000 investors who lived in at least 38 states. Id. ¶ 67. Although defendants filed a Form S-1 registration statement in January 2020, the statement never went effective and was declared abandoned in 2021. Id. ¶¶ 176-82.

The SEC alleges that defendants falsely promoted the company to investors in a variety of ways. SHE Beverage and the Individual Defendants communicated to investors through offering memoranda, investment guides, websites, press releases, and investor emails. Id. ¶¶69-70. In these communications, the defendants overstated and mischaracterized the company's revenues. Id. ¶¶ 99-100. They claimed the company had launched its own brewery, even though the brewery had not yet been constructed. Id. ¶¶ 106-18. They claimed the company's bottled water was "proprietary" and "FDA approved," even though it was neither. Id. ¶¶ 125-33. They claimed the company had received acquisition offers for hundreds of millions of dollars, even though it had received no such offers. Id. ¶¶ 136-42. They claimed the company's planned initial public offering ("IPO") was imminent, even though they had not yet filed a registration statement with the SEC. Id. ¶¶ 150-60. They advertised the acquisition of a cannabis-related company but did not mention that it belonged to one of the Individual Defendants' sisters or that it had no independent valuation and no operations or sales. Id. ¶¶ 163-73. The Individual Defendants claimed to have personally invested millions into the company, even though they had made only modest personal investments. Id. ¶¶ 145-46. They also falsely represented to investors that they would use 30% of the offering proceeds to purchase beverage inventory, but actually spent only 2% on such inventory. Id. ¶¶ 72, 77.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

Finally, the SEC alleges that the Individual Defendant's misappropriated half of the $15 million that SHE Beverage raised, withdrawing the money as cash and using it to pay for personal expenses (e.g., cars and trucks, rent, luxury retail goods, and trips to casinos). Id. ¶ 90.

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
|---|---|---|---|
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55-1.

## IV.   DISCUSSION

### A.   Procedural Requirements

To satisfy the procedural requirements for entry of default judgment, the plaintiff must follow the "requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., 2018 WL 1989518, at *1. Here, the procedural requirements for default judgment are satisfied because (1) the SEC served SHE Beverage with the summons and complaint; (2) the clerk entered default against SHE Beverage; and (3) the SEC submitted a declaration establishing that SHE Beverage is a corporate entity and thus is not a minor or an incompetent person and is not in military service, such that the Servicemembers Civil Relief Act does not apply. Dkt. 9, 73, 90, 93-2 at 1 ("Declaration of Stephen T. Kam"). Notice of the SEC's motion for default judgment was properly served on defendant pursuant to Local Rule 55-2. Id. at 1-2 ("Proof of Service").

Accordingly, the SEC has satisfied the procedural requirements for default judgment under the Federal and Local Rules. The Court now proceeds to the SEC's motion for default judgment.

### B.   Application of the Eitel Factors

#### 1.   Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471-72. Courts favor entry of default judgment when, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery." PepsiCo, 238 F. Supp. 2d at 1175.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

Here, in the absence of default judgment, the SEC "would have no way to enforce the Securities Act or the Exchange Act against defaulting defendants." SEC v. Pedras, No. CV 13–7932 GAF (MRWx), 2014 WL 12597332, at *4 (C.D. Cal. Apr. 16, 2014). SHE Beverage is a corporation and is thereby barred from proceeding *pro se* under Local Rule 83-2.2.2. Yet, despite this Court's repeated instruction, SHE Beverage has failed to retain counsel. See dkt. 75, 89. In the absence of a default judgment, the Commission will be unable to fulfill its mandate to protect the investing public. SEC v. Lion Capital Management, No. CV 12–05166 WHA, 2013 WL 5945081 (N.D. Cal. Nov. 1, 2013).

Accordingly, the first Eitel factor weighs in favor of entering default judgment.

    2.    Sufficiency of the Complaint and the Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d. at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F. Supp. 2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except for those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F. 2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F. 2d 1261, 1267 (9th Cir. 1992).

    a.    Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act.

Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder make it unlawful, "in the offer or sale of securities" or "in connection with the purchase or sale of a security," to engage in any fraudulent conduct. 15 U.S.C. §§ 77b(a)(1). To establish a violation of Section 17(a)(2) of the Securities Act, the SEC must prove, in connection with the offer or sale of a security: (1) a material misstatement or omission; (2) made with at least negligence; (3) the receipt of money or property by means thereof; (4) by means of interstate commerce. See SEC v. GLT Dain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
|---|---|---|---|
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

Rauscher, Inc., 254 F.3d 852 at 856 (9th Cir. 2001). Similarly, to establish a violation of Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder, the SEC must show that a defendant, in connection with the purchase or sale of a security: (1) made a material misrepresentation or omission; (2) with scienter; (3) in interstate commerce. See 17 C.F.R. § 240.10b-5(b); see also SEC v. Platforms Wireless Intern. Corp., 617 F.3d 1072, 1092 (9th Cir. 2010).

Additionally, Section 17(a)(1) of the Securities Act prohibits any person, in the offer or sale of any security, from employing any device, scheme, or artifice to defraud, and section 17(a)(3) prohibits any person from engaging in any transaction, practice, or course of business which operates, or would operate, as a fraud or deceit upon the purchaser. 15 U.S.C. §§ 77q(a)(1), (3). Likewise, Section 10(b) of the Exchanges Act and Rules 10b-5(a) and (c) thereunder make it unlawful for any person to employ, in connection with the purchase or sale of any security, any device, scheme, or artifice to defraud, or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person. 17 C.F.R. § 240.10b-5(a), (c).

The SEC's allegations are sufficient to establish that SHE Beverage violated Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder by, in connection with the purchase or sale of a security, making misrepresentations of material facts with scienter and by means of interstate commerce.

First, SHE Beverage's conduct involved the sale of securities. For the purposes of the Securities Act, stocks are considered "securities." See 15 U.S.C. § 77(b)(1). Here, SHE Beverage offered to sell to investors "securities" within the meaning of the Securities and Exchange Act.

Second, SHE Beverage's conduct satisfies the material misrepresentation element under the Securities and Exchange Act. SHE Beverage made numerous misrepresentations including: (1) representing that the company had generated $4-5 million dollars in revenue when it had actually sold less than $263,000 in merchandise, dkt. 1 ¶¶ 96, 99, 100, (2) representing that the company had launched its own brewery despite never owning an operational brewery, id. ¶ 106, 155, (3) representing that the company's bottled water was "proprietary" and "FDA approved" when it was neither, id. ¶¶ 125-33, (4) representing that the company had received acquisition offers for hundreds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
|---|---|---|---|
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

of millions of dollars when it had received no such offers, id. ¶¶ 136-42, (5) representing that the company's planned IPO was imminent when it had not even filed a registration statement with the SEC, id. ¶¶ 150-60, (6) representing that the company had completed a beneficial acquisition of a cannabis-related company, without disclosing that the acquired company had no revenues, no license to sell cannabis, and no operations or sales, id. ¶¶ 163-73, and (7) representing that 30% of the offering proceeds would be used to purchase beverage inventory when only 2% was spent on such inventory. Id. ¶¶ 72, 77. SHE Beverage is a "maker" of these false and misleading statements in its offering memoranda, investment guides, websites, press releases, and investor emails under Exchange Act Rule 10b-5(b). See Janus Capital Group, Inc. v. First Derivative Traders, 564 U.S. 135, 142 (2011) ("the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it"). Dkt. 93-1 at 15.

SHE Beverage's misrepresentations were material. A fact is material if there is a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of the information made available. TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976). Here, reasonable investors would have wanted to know that the company's revenues did not approach the $4-5 million described to investors, that the company did not in fact have an operational brewery, that the company's bottled water was not actually "proprietary" or "FDA approved," that the company had not actually received acquisition offers for hundreds of millions of dollars, that the company's IPO was not imminent, that the acquired cannabis-related company had no revenues, license, operations, or sales, and that the company was not purchasing the amounts of inventory that the offering materials represented.

Third, defendants acted with scienter. As was previously discussed, a violation of Section 17(a) of the Securities Act requires only negligence. A violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, however, requires at least "knowing or reckless conduct," without a showing of "willful intent to defraud." Vernazza v SEC, 327 F.3d 851, 860 (9th Cir. 2003). Reckless conduct is that which demonstrates an extreme departure from the standards of ordinary care and presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it. Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1569

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
|---|---|---|---|
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

(9th Cir. 1990). The Court finds that the SEC has sufficiently alleged that the Individual Defendants knew, or were reckless in not knowing, that SHE Beverage's offering documents, website, and investor communications contained false and misleading statements. The Individual Defendants' scienter can be imputed to SHE Beverage because a corporation is responsible for a corporate officer's fraud committed within the scope of his employment. In re ChinaCast Educ. Corp. Securities Litigation, 809 F.3d 471, 476 (9th Cir. 2015).

Last, SHE Beverage's actions involved means or instruments of interstate commerce because it solicited investors from 38 states, and Guam, Puerto Rico, and Washington D.C. Dkt. 1 ¶ 67. Accordingly, the Court finds SHE Beverage is liable for fraud under Sections 17(a) and 10(b).

   a. Section 5 of the Securities Act

Section 5 of the Securities Act makes it unlawful for any person, directly or indirectly, to offer to sell or offer to buy a security by means of interstate commerce without a registration having been filed or in effect. 15 U.S.C. §§ 77e(a), (c). To establish a violation, the SEC must therefore show that the defendants offered or sold unregistered securities in interstate commerce. SEC v. Murphy, 626 F.2d 633, 640-641 (9th Cir. 1980). Section 5 liability requires a defendant to have undertaken a significant role in the transaction, that is, when one is both a necessary participant and a substantial factor in the sales transaction. SEC v Phan, 500 F.3d 895, 906 (9th Cir. 2007); see also Murphy, 626 F.2d at 648, 652. The Ninth Circuit has interpreted this to mean that but for the defendant's participation, the transaction would not have taken place. See Murphy, 626 F.2d 633 at 651-652.

Here, SHE Beverage offered and sold SHE Beverage stock without filing a registration statement with the SEC. Dkt. 1 ¶ 4. It directly offered and sold SHE Beverage stock to investors. Id. ¶¶ 25, 27, 29, 34, 47. Therefore, the Court finds that SHE Beverage's conduct meets the "necessary participant" and "substantial factor" elements of a Section 5 violation.

Accordingly, the second and third Eitel factors weigh in favor of entering default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
|---|---|---|---|
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

### 3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471-72. "This determination requires a comparison of the recovery sought and the nature of the defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.")

Here, the SEC only seeks a permanent injunction prohibiting SHE Beverage from future violations of Sections 5 and 17(a) of the Securities Act, and Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder.[1] Dkt. 93 at 1. Accordingly, the Court finds that the fourth Eitel factor is inapplicable.

### 4. Possibility of Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are in dispute. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471-72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177.

Here, the SEC has "filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against" the defendants. Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Therefore, no dispute has been raised regarding the material averments of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id.

Accordingly, the fifth Eitel factor weighs in favor of granting the motion for default judgment.

---

[1] In its motion for default judgment against SHE Beverage, the SEC notes that "[t]he appropriate monetary relief to be ordered by the Court as to SHE Beverage is addressed separately in the SEC's Motion for Monetary Relief against the Defendants. (Dkt. No. 94)." Dkt. 93-1 at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471-72.

Here, the possibility of excusable neglect is remote. SHE Beverage was properly served with the complaint and summons. Dkt. 9. Additionally, notice of the SEC's motion for default judgment was properly served pursuant to Local Rule 55-2. Dkt. 93-1 at 2-3. SHE Beverage also had notice that it was required to retain new counsel under the local rules. On December 21, 2022, the Court ordered the company to show cause why a Clerk's default should not be entered for failure to retain new counsel. Dkt. 75. On January 13, 2023, the Court granted the company an additional thirty days to find counsel. Dkt. 78. On March 30, 2023, SHE Beverage still did not have counsel, and the Court directed the Clerk to enter default against the company. Dkt. 89.

Accordingly, the sixth Eitel factor weighs in favor of granting the motion for default judgment.

### 6. Policy Favoring Decisions on the Merits

Pursuant to the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. While "'this preference, standing alone, is not dispositive,'" PepsiCo, 238 F. Supp. 2d at 1177, "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Thus, the seventh Eitel factor weighs against entry of default judgment.

### 7. Conclusion Regarding the Eitel Factors

Apart from the policy favoring decisions on the merits, all the remaining Eitel factors weigh in favor of default judgment, including the merits of the SEC's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all the Eitel factors, the Court finds that entry of default judgment against defendants is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
|---|---|---|---|
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

### C. Relief Sought by the SEC

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." See Bd. of Trustees of the Boilermaker Vacation Tr. V. Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Moreover, the movant seeking default judgment must prove the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (citation omitted).

Here, the SEC seeks a judgment permanently enjoining SHE Beverage from future violations of Sections 5 and 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. Dkt. 93 at 1. To obtain an injunction, the SEC must establish that there is a reasonable likelihood of future violations. See SEC v. Murphy, 626 F.2d 633, 655 (9th Cir. 1980) ("The existence of past violations may give rise to an inference that there will be future violations."). "In predicting the likelihood of future violations, a court must assess the totality of the circumstances surrounding the defendant and his violations, and it considers factors such as:

(1) the degree of scienter involved;

(2) the isolated or recurrent nature of the infraction;

(3) the defendant's recognition of the wrongful nature of his conduct;

(4) the likelihood, because of defendant's professional occupation, that future violations might occur; and

(5) the sincerity of his assurances against future violations."

SEC v. Murphy, 626 F.2d 633, 655 (9th Cir. 1980). Here, given that SHE Beverage's conduct was an ongoing fraud perpetuated over many years, and because its failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | September 18, 2023 |
|---|---|---|---|
| Title | U.S. SECURITIES AND EXCHANGE COMMISSION V. SHE BEVERAGE COMPANY, INC., ET AL. | | |

secure counsel after repeated warnings precludes any assurances against future violations, the Court finds that an injunction is appropriate.

## V.   CONCLUSION

In accordance with the foregoing, the Court:

(1) **GRANTS** the SEC's motion for default judgment;

(2) permanently enjoins SHE Beverage from future violations of Sections 5 and 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

IT IS SO ORDERED.

|  |  | 00 : 04 |
|---|---|---|
|  | Initials of Preparer | CMJ |