UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | April 28, 2025 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. SHE Beverage Company, Inc. et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Miriam Veliz-Baird | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Stephen Kam

Attorneys Present for Defendants:
Lupe Rose Shelby
Sonya Shelby

**Proceedings:**   ZOOM HEARING RE:

DEFENDANT'S MOTION TO SET ASIDE JUDGMENT, VACATE BIFURCATION AGREEMENT, AND DISMISS PROCEEDINGS (Dkt. 115, filed on March 12, 2025)

DEFENDANT'S AMENDED MOTION TO DISMISS (Dkt. 117, filed on March 20, 2025)

DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT (Dkt. 119, filed on March 24, 2025)

DEFENDANT'S REQUEST FOR HEARING (Dkt. 121, filed on March 24, 2025)

## I.   INTRODUCTION & BACKGROUND

On September 14, 2021, plaintiff United States Securities and Exchange Commission ("SEC") filed this action against defendants SHE Beverage, Inc., ("SHE Beverage"), Lupe L. Rose ("Rose"), Sonja F. Shelby, and Katherine E. Dirden (collectively, "defendants"). Dkt. 1 at 2. The SEC alleges that defendants violated Sections 5 and 17(a) of the Securities Act of 1993 ("Securities Act"), 15 U.S.C. §§ 77(e)(a), 77(e)(c), 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | April 28, 2025 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. SHE Beverage Company, Inc. et al | | |

Rule 10b-5 thereunder, 17 C.F.R. § 240.10b5(a)-(c), by conducting a fraudulent offering between 2017 and 2019 and raising $15.4 million. Dkt. 1 at 3.

The history and background of this case are well-known to the parties and set forth in detail in the Court's December 14, 2023 order. See dkt. 108 at 1-4. The Court briefly recites the most recent procedural events below.

On September 18, 2023, the Court granted the SEC's motion for default judgment against SHE Beverage. Dkt. 98. On December 14, 2023, the Court granted the SEC's motion for disgorgement and prejudgment interest, and partially granted the SEC's motion for civil penalties. Dkt. 108 at 15. In the December 14, 2023 order, the Court denied Rose's request to dismiss the case, which was made in her opposition to the SEC's motion. Id. at 6. On January 16, 2024, the Court entered final judgments against all defendants. Dkts. 110-113.

On January 18, 2024, the U.S. Attorney's Office for the Central District of California filed a criminal indictment against defendant Rose, alleging that she "marketed SHE Beverage to the victim-investors as a successful beverage company [and]… falsely stated that the money raised… would be used to fund the operations of SHE Beverage," when in fact "Rose used the funds personally" to enrich herself, her friends, and her family. See United States of America v. Lupe Rose, Case No. 2:24-cr-00037-GW-1, dkt. 1 ¶ 19. The trial in Rose's criminal case is set for September 23, 2025. See id., dkt. 40.

On March 12, 2025, Rose, proceeding *pro se*, filed a motion in the instant case to set aside judgment, vacate the bifurcation agreement, and dismiss the proceedings.[1] Dkt. 115 ("Mot. 1"). On March 20, 2025, Rose filed an "amended motion to dismiss." Dkt. 117 ("Mot. 2"). The same day, Rose filed a supplemental memorandum regarding the SEC expert's report at issue in this matter.[2] Dkt. 118 ("Mot. 3"). On March 24, 2025, Rose filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 ("Rule 60"). Dkt 119 ("Mot. 4"). The same day, Rose filed a notice of clarification of her recent filings, a notice of or request for a hearing on April 28, 2025, and a declaration in support of her filings. Dkts. 120, 121, 122. Her notice of clarification states that the "primary motion for the Court's consideration" is the Rule 60 motion. Dkt. 120 at 2. On

---

[1] Rose attached Exhibits A-H and Exhibits J-K to her first motion. See dkt. 115.
[2] Rose attached Exhibits Z-1, Z-2, and Z-5 to her third motion. See dkt. 118.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | April 28, 2025 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. SHE Beverage Company, Inc. et al | | |

March 26, 2025, the SEC filed its opposition to Rose's motions. Dkt. 123 ("Opp."). The same day, Rose filed her reply. Dkt. 124 ("Reply").

On March 31, 2025, Rose filed an emergency supplemental motion for immediate relief, a comprehensive restraining order, and potential Supreme Court referral. Dkt. 126. On April 3, 2025, the Court denied Rose's motion for emergency relief, indicated that it construed Rose's four motions as a Rule 60 motion to set aside the judgment in this case, and set a motion hearing for April 28, 2025.³ Dkt. 127.

On April 28, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit recently confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any

---

³ The Court provided a courtesy copy of its order denying Rose's emergency motion to the Court and all counsel in Rose's criminal case, "to be certain that Rose's criminal defense counsel is fully apprised of her motions" in the instant civil case. Dkt. 127 at 2. Similarly, the Court is providing a courtesy copy of this order to Rose's criminal defense counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | April 28, 2025 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. SHE Beverage Company, Inc. et al | | |

Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

Pursuant to Rule 60(d)(3), the Court may set aside a judgment for "fraud on the court." Fed. R. Civ. P. 60(d)(3). The Supreme Court has said that "[o]ut of deference to the deep-rooted policy in favor of the repose of judgments ..., courts of equity have been cautious in exercising this power." Hazel-Atlas Glass Co. v. Hartford-Empire Co., 332 U.S. 238, 244 (1944). Relief pursuant to this provision is therefore "available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998). The Court asks whether the fraud at issue "harmed the integrity of the judicial process." United States v. Estate of Stonehill, 660 F.3d 415, 444 (9th Cir. 2011).

## III. DISCUSSION

In her first motion, Rose argues that the SEC "willfully ignored" more than 100 pages of accounting documents, including $2.7 million of personal investment, a financial report audited by the Public Company Accounting Oversight Board, a detailed ledger, and six verified business locations. Mot. 1 at 2. Rose also asserts that the SEC "suppressed" legitimate business expenses, including those for research and development, employee payroll, and operational and marketing costs. Id. at 3. Rose argues that the SEC's attorneys threatened her with "reputational destruction," coerced her into signing a bifurcation agreement, and prevented a "fair presentation" of financial documentation. Id. at 4. She states that a recent Supreme Court case, Sec. & Exch. Comm'n v. Jarkesy, 603 U.S. 109, 140 (2024), shows that the enforcement action against her was unconstitutional. Id. Further, she states that the referral to the United States Department of Justice was based on a "fabricated narrative." Id. She requests that the Court review the attached accounting statements, invalidate the bifurcation agreement, "dismiss the current judgment" against her, sanction the SEC for misconduct, and restore her reputation. Id. at 5.

In her second motion, Rose appears to argue that the SEC "deliberately suppressed" SHE Beverage's business portfolio. Mot. 2 at 1. Rose asserts that SHE Beverage's "wholly owned subsidiaries and acquisitions" include: a women's football league association; Pink Leaf, an entity focused on "CBD, Hemp & Cannabis"; Brandy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | April 28, 2025 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. SHE Beverage Company, Inc. et al | | |

Inc., an "on-demand apparel company"; "WFLA TV Studios (Bouyant Studios)," a media production and content creation enterprise; "SHE MEETS Dating App"; Women's Sports Entertainment TV, a streaming platform; Re-life Inc.; Shelby Rose Wines Cider; Mink Bath Bombs, a personal care and wellness product line; Caffeto, a provider of specialty coffee and beverage innovation; and "Swapp Technology App." Id. at 1-6. Rose also states that SHE Beverage had three real estate holdings, or "corporate housing properties." Id. at 6. Rose appears to argue that the expert report of Eric Poer ("Poer"), relied upon by the SEC to analyze SHE Beverage's financial records, representations to investors, and indica of fraud, constitutes "financial analysis misconduct." Id. at 7. She asserts that Poer arbitrarily removed 70% of the transactions in the financial records, used a "selective" time frame, and deliberately excluded legitimate business transactions. Id. Finally, Rose appears to argue that the Private Placement Memorandum through which SHE Beverage offered and sold stock to investors included transparent language, stating that the amounts were an "estimate" and that all risks were disclosed. Id.

In her third motion, titled "supplemental memorandum regarding SEC's selective data manipulation and misrepresentation of evidence," Rose states that Poer admitted to eliminating data. Mot. 3 at 1. Specifically, Rose asserts that Poer eliminated (1) all transactions not labelled "SHE Beverage" or "SHE Brand"; (2) all transactions related to legitimate subsidiary entities; (3) cash inflow transactions; and (4) all transactions outside of the expert's "arbitrary time restrictions." Id. at 1-2. Rose then argues that the SEC told Rose that she would be able to present her evidence to the Court, but "such evidence was not allowed." Id. at 2.

In her fourth motion, Rose argues that relief should be granted under Rule 60(b)(1) because of mistake and excusable neglect, as she could not respond to this litigation because of family caregiving responsibilities, limited financial resources, and lack of legal representation. Mot. 4 at 2. She next argues that her motion should be granted under Rule 60(b)(2) because of newly discovered evidence, namely, errors in Poer's financial reports. Id. Rose then asserts that relief should be granted under Rule 60(b)(3) because of fraud and misrepresentation, in that the SEC engaged in misconduct through suppression of exculpatory financial evidence. Id. Further, Rose highlights several cases overturning SEC judgments, including Jarkesy. Id. at 3. Finally, Rose contends that she has developed draft legislation to prevent prosecutorial overreach and has made persistent efforts to challenge the SEC's claims. Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | April 28, 2025 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. SHE Beverage Company, Inc. et al | | |

In opposition, the SEC first argues that Rose's filings violate Local Rule 7-3, because she failed to meet and confer; Local Rule 7-20, because she did not include a proposed order; and Local Rules 7-4 and 7-5, because she did not include a notice of motion and memorandum of points and authorities. Opp. at 5. The SEC contends that this provides a basis for striking these filings, regardless of Rose's *pro se* status. Id.

Second, the SEC argues that Rose's motions are untimely, whether construed under Rules 12(b), 59(e), or 60(b). Id. at 6. The SEC asserts that Rose's motions were filed over three years after her answer was filed and 14 months after final judgment was entered against her. Id. Under Rule 12(b), the SEC argues that Rose was required to file a motion to dismiss by November 15, 2021, i.e., when she filed her answer. Id. Under Rule 59, the SEC contends that Rose was required to file a motion for reconsideration by February 16, 2024, i.e., 28 days after entry of judgment. Id. Finally, under Rule 60(b)(1)-(3), the SEC asserts that Rose was required to file a motion for relief from final judgment by January 16, 2025, i.e., one year after entry of judgment. Id.

Third, the SEC argues that Rose's motions are without merit because they repeat the same arguments and attach a similar set of exhibits as those attached to Rose's prior filings. Id. at 7. As construed under Rule 12(b), the SEC contends that the Court has already ruled on and denied Rose's motion to dismiss, when Rose submitted "virtually the same set of unsubstantiated exhibits" in 2023. Id. As construed under Rule 59 or 60, the SEC asserts that Rose does not present new law, evidence, or the need to correct clear error. Id. at 8. While Rose does cite Jarkesy as intervening law, the SEC argues that its holding on the constitutionality of administrative proceedings for fraud claims "has no bearing on the instant case, which was filed in federal district court." Id. at 8, n.3.

Fourth, the SEC argues that Rose's false accusations that the SEC and the United States Department of Justice "suppress[ed] financial evidence" and "fabricat[ed] allegations of financial impropriety" should be stricken because they are unsupported and frivolous. Id. at 9. Fifth, the SEC asserts that Rose's filings inappropriately include personal identifying information of specific investors and the amount they invested in SHE Beverage. Id. The SEC contends that this "sensitive, private" information violates Local Rule 5.2-1, which requires that "[p]arties shall carefully examine the documents exhibits, or attachments to be filed with the Court in order to protect any sensitive and private information." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | April 28, 2025 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. SHE Beverage Company, Inc. et al | | |

In reply, Rose argues that Jarkesy "directly impacts the legitimacy" of the prosecution against her. Reply at 1. Rose next asserts that her motions are not untimely because extraordinary circumstances are present, including: "systematic suppression of exculpatory evidence," "fabrication of financial allegations," and "violation of fundamental due process principles." Id. at 2. Rose states that her filings "provide comprehensive accounting documentation" and "expose procedural irregularities." Id. Rose argues that SHE Beverage adequately documented its business expenses and that Poer, the SEC's expert witness, included only select financial information in his report. Id. Additionally, Rose asserts that the SEC engaged in "systematic misconduct" in prosecuting this case. Id. These allegations include: extortion and duress in the negotiation of the bifurcation agreement, breach of the agreement terms, "character assassination," the filing of motions "designed to financially and emotionally exhaust the defendant," "willful manipulation of financial documentation," and "knowingly creating barriers to fair legal defense." Id. at 4-6.

The Court finds that Rose's motions, construed under Rule 60, are untimely and fail to establish a claim for relief. Rose expressly requests relief pursuant to: (1) Rule 60(b)(1), for mistake and excusable neglect; (2) Rule 60(b)(2), for newly discovered evidence; and (3) Rule 60(b)(3), for fraud and misrepresentation by the SEC. Mot. 4 at 2. Rule 60(c) states that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Accordingly, Rose was required to file her motion no more than a year after the entry of judgment in her case. Final judgment was entered against Rose on January 16, 2024, see dkt. 111, while the instant motions were filed between March 12, 2025 and March 24, 2025. Because Rose did not file her motion for relief pursuant to Rule 60(b)(1)-(3) by January 16, 2025, the Court concludes that her motions are untimely.

Rose does not expressly request relief pursuant to Rule 60(b)(6), which grants relief from a final judgment for "any other reason that justifies relief" if a motion is brought "within a reasonable time." Fed. R. Civ. P. 60(b)(6); Fed. R. Civ. P. 60(c)(1). However, the Supreme Court has established that relief pursuant to Rule 60(b)(6) is only appropriate when sought on a basis not covered by subsections b(1) through (b)(5). Gonzales v. Crosby, 545 U.S. 524, 529 (2005). Additionally, Rule 60(b)(6) "'is to be utilized only where extraordinary circumstances prevented a party from taking timely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | April 28, 2025 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. SHE Beverage Company, Inc. et al | | |

action to prevent or correct an erroneous judgment.'" Fantasyland Video, Inc. v. Cnty. of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993)). The Court finds that Rose has presented no evidence demonstrating the purported extraordinary circumstances she faced or why she was unable to take timely action. Accordingly, the Court finds that relief pursuant to Rule 60(b)(6) is also inappropriate in this case.

Even if Rose's motions were timely filed, the Court finds that Rose's claims fail on the merits. The Court addresses each of Rose's arguments in turn.

As for mistake and excusable neglect, Rose states that her "inability to fully respond" to the litigation was due to "overwhelming personal caregiving responsibilities," limited financial resources, and a lack of legal representation. Mot. 4 at 2. As a threshold matter, it is not clear what Rose means by her "inability to fully respond" to the litigation. On March 22, 2023, Rose signed a voluntary bifurcated consent agreement in which she agreed to be subject to officer-and-director bars and to be permanently enjoined from future securities law violations. Dkt. 85. On March 29, 2023, the Court entered the proposed consent judgment against Rose. Dkt. 87. After granting the SEC's motion for disgorgement, prejudgment interest, and civil penalties against Rose, the Court entered final judgment against her. Dkt. 111.

To the extent Rose argues that she acted mistakenly and with excusable neglect in signing the bifurcated consent agreement, the Court finds that relief under Rule 60(b)(1) is not available. "Rule 60(b)(1) relief is unavailable to parties who simply misunderstand the legal consequences of their deliberate acts." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1100 (9th Cir. 2006). "[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." Id. (quoting Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999)). Because Rose does not provide any evidence that her decision to sign the agreement was not deliberate and independent, relief is not justified in these circumstances.

As for newly discovered evidence, the Court agrees with the SEC that the evidence presented in Rose's instant motions is similar to that submitted in her opposition to the SEC's motion for disgorgement, prejudgment interest, and civil penalties. See dkts. 100, 106. The Court examined this evidence in detail in its December 14, 2023 order,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-07339-CAS-ASx | Date | April 28, 2025 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. SHE Beverage Company, Inc. et al | | |

incorporated here by reference, and found that "Rose has not presented any evidence of legitimate business expenses that the SEC failed to consider." See dkt. 108 at 9-11. The Court is not persuaded by Rose's argument that the SEC told her that she would be able to present evidence to the Court, but "such evidence was not allowed." See Mot. 3 at 2. Rose presented evidence to the Court in her opposition to the SEC's motion for disgorgement, prejudgment interest, and civil penalties. See dkt. 100. Rose was then permitted to argue at length before the Court at the November 13, 2023 hearing, where she told the Court that she had "additional evidence" of alleged business expenses. Dkt. 108 at 3. The Court subsequently ordered her to produce "all new documentation relating to alleged business expenses." Id. Rose filed thousands of pages of evidence on November 20, 2023, see dkt. 106, which the Court thoroughly reviewed in its December 14, 2023 order. Dkt. 108 at 9-11. Accordingly, the Court finds that Rose had multiple opportunities to present evidence and has not presented any new, relevant, and admissible evidence in the instant motion. Therefore, relief under Rule 60(b)(2) is not warranted.

As for fraud and misrepresentations, Rose asserts that the SEC deliberately suppressed her "exculpatory financial evidence," "mischaracterize[ed]" her business operations, and "selective[ly] exclude[ed]" legitimate business expenses. Mot. 4 at 2. A plaintiff seeking relief pursuant to Rule 60(b)(3) must prove by clear and convincing evidence that (1) the prevailing litigants obtained the verdict through fraud, misrepresentation, or other misconduct, and (2) the conduct complained of prevented the losing party from fully and fairly presenting the defense. Casey v. Albertson's Inc, 362 F.3d 1254, 1260 (9th Cir. 2004) (citation omitted). It also requires that the fraud "not be discoverable by due diligence before or during the proceedings." Id. Rose's wide-ranging assertions do not constitute evidence of fraud or misrepresentation by the SEC, and therefore, Rose has not met her burden to obtain relief under Rule 60(b)(3).

Finally, to the extent that Rose argues that Jarkesy invalidates the judgment against her and warrants relief pursuant to Rule 60(b)(6), the Court finds that Jarkesy is not material in these circumstances. To determine whether an intervening change in law justifies relief under Rule 60(b)(6), courts consider six "well-reasoned principles," including (1) the nature of the change in the law; (2) the movant's diligence; (3) the parties' reliance interests in the case's finality; (4) the delay; (5) the relationship between the original judgment and the change in the law; and (6) comity. Henson v. Fid. Nat'l Fin., Inc., 943 F.3d 434, 445-53 (9th Cir. 2019). However, the identified factors are not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07339-CAS-ASx | Date | April 28, 2025 |
| Title | Securities and Exchange Commission v. SHE Beverage Company, Inc. et al | | |

"intended to be a rigid or exhaustive list." Id. at 446. Here, the nature of the purported change in the law in Jarkesy does not impact the final judgment that Rose seeks to set aside. Jarkesy held that, when the SEC seeks civil penalties for securities fraud, the Seventh Amendment of the Constitution entitles the defendant to a jury trial. Jarkesy, 603 U.S. 109, 120 (2024). In this matter, Rose waived her right to a jury trial and her right to appeal from the entry of judgment when she signed the bifurcated consent agreement. See dkt. 85 ¶ 5 ("Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment."). Therefore, Jarkesy does not constitute "any other reason that justifies relief" under Rule 60(b)(6).

Accordingly, the Court finds that Rose is not entitled to relief pursuant to Rule 60(b).

### IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Rose's motions.

IT IS SO ORDERED.

|  |  | 00 | : | 28 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |