UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:21-cv-07339-CAS-AS                                             Date: June 25, 2025

Title   Securities and Exchange Commission v. SHE Beverage Company, Inc., *et al.*

Present: The Honorable:   Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order DENYING Defendant's motion to disqualify Judge Snyder (Dkt. 130)**

Before the Court is a motion to disqualify District Court Judge Christina A. Snyder filed by Defendant Lupe Rose ("Defendant Rose"). Dkt. # 130 ("*Mot.*"). Plaintiff Securities and Exchange Commission ("SEC") opposed, Dkt. # 139 ("*Opp.*"), and Defendant Rose replied, Dtk. # 140 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **DENIES** Defendant Rose's motion to disqualify.

I.   Background

On September 14, 2021, the SEC filed a complaint alleging securities fraud against Defendant Rose, her company ("SHE Beverage"), and other executive members of the company (collectively, "Defendants"). *See* Dkt. # 1. The case was assigned to District Judge Christina A. Snyder ("Judge Snyder") and Magistrate Judge Alka Sagar. Dkt. # 4.

On March 22, 2023, without admitting or denying the allegations in the complaint, Defendant Rose consented (1) to be a permanent prohibition from acting as an officer or director of an issuer that has a class of securities, and (2) to permanently restrain and enjoin herself from future securities law violations. Dkt. # 85.

On August 18, 2023, the SEC filed a motion for default judgment against SHE Beverage, Dkt. # 93, and a motion for disgorgement, prejudgment interest, and civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:21-cv-07339-CAS-AS | Date: June 25, 2025 |
| Title | Securities and Exchange Commission v. SHE Beverage Company, Inc., *et al.* |

penalties as to Defendants, Dkt. # 94.  On September 18, 2023, the Court granted the SEC's motion for default judgment against SHE Beverage.  Dkt. # 98.  On November 13, 2023, the Court ordered Defendants to produce all new documentation showing business expenses not known previously to the SEC.  Dkt. # 105.  Defendant Rose submitted additional evidence on November 20, 2023.  Dkt. # 106.  On December 14, 2023, the Court granted the SEC's motion for disgorgement and prejudgment interest, and partially granted the motion for civil penalties.  Dkt. # 108.

On March 12, 2025, Defendant Rose filed a motion to set aside judgment, vacate the bifurcation agreement, and dismiss the proceedings.  Dkt. # 115.  On March 20, 2025, she filed an "amended motion to dismiss with comprehensive evidence of institutional misconduct."  Dkt. # 117.  On March 24, 2025, she filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60.  Dkt. # 119.  On April 28, 2025, the Court denied all three motions.  Dkt. # 128.

On May 16, 2025, Defendant filed a motion to disqualify Judge Snyder, *Mot.*, which was referred to District Court Judge Michelle Williams Court, Dkt. # 132.

II.    Legal Standard

Pursuant to 28 U.S.C. § 144, a party may seek to disqualify a judge based on assertions that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  In each case, a party is limited to one such attempt to disqualify a judge for bias or prejudice.  28 U.S.C. § 144.  Section 144 states that a party seeking disqualification must file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  *Id.*

A motion to disqualify a judge may also be brought on the basis of 28 U.S.C. § 455, which addresses the issue of recusal.  In relevant part, 28 U.S.C. § 455 provides as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned.
> (b) [Sh]e shall also disqualify h[er]self in the following circumstances:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:21-cv-07339-CAS-AS                                             Date: June 25, 2025

Title   Securities and Exchange Commission v. SHE Beverage Company, Inc., *et al.*

(1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455.

The Ninth Circuit has explained that "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). The Court must consider "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). To determine the legal sufficiency of the affidavits supporting a motion to disqualify, the facts alleged must be accepted as true. *Willenbring v. United States*, 306 F.2d 944, 946 (9th Cir. 1962) (citation omitted). "The rule applies even though the judge passing on the legal sufficiency of the affidavit knows the allegations thereof are false." *United States v. Zagari*, 419 F. Supp. 494, 500 (N.D. Cal. 1976) (citation omitted). However, the movant must "identify[] facts of times, places, persons, occasions and circumstances with the particularity that would be reasonably expected in a bill of particulars." *Id.* at 501. Mere "general or conclusory allegations will not support disqualification." *Id.*

Regarding the type and source of potentially sufficient bias, "[o]rdinarily, the alleged bias must stem from an 'extrajudicial source.'" *Hernandez*, 109 F.3d at 1454 (citing *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)). As the United States Supreme Court has explained, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion. [. . .] [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555 (internal citation omitted); *see, e.g.*, *Berger v. United States*, 255 U.S. 22, 38 (1921) (granting a disqualification of a judge because the judge showed personal bias against German Americans).

III.   Discussion

Here, Defendant Rose contends that "[t]his motion arises from a pattern for judicial bias, procedural irregularities, and denial of Defendant's right to present critical evidence in this matter." *Mot.* 2:1–2. Defendant Rose specifically contends that Judge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:21-cv-07339-CAS-AS | Date: June 25, 2025 |
| Title | Securities and Exchange Commission v. SHE Beverage Company, Inc., *et al.* | |

Snyder "repeated deference to prosecutorial counsel's narrative, refusal to consider substantial new evidence, and abrupt curtailment of Defendant's oral argument compromised the integrity of the[] proceedings." *Id.* 2:2–4.

The Court finds that Defendant Rose falls short of showing impartiality or bias. Defendant Rose's general and conclusory allegations of judicial bias do not support disqualification. *Zagari*, 419 F. Supp. at 500; *see also United States v. Bell*, 79 F. Supp. 2d 1169, 1173 (E.D. Cal. 1999) ("While a judge's consideration of a motion for recusal must take all facts provided as true for the purpose of ruling on their legal sufficiency, the court need not accept conclusory speculations that lack any factual support."). As the SEC highlights, the record reflects no impartiality or bias as Judge Snyder permitted to file numerous sets of documents after deadlines passed, provided Defendant Rose the opportunity to be heard, and issued detailed orders of her findings. *See, e.g.*, Dkts. # 105, 108, 128. To the extent that Defendant Rose alleges specifics of Judge Snyder's conduct, that conduct does not reflect extrajudicial bias. *See Hernandez*, 109 F.3d at 1454; *see also Johnson v. Barr*, 79 F.4th 996, 1007 (9th Cir. 2023) ("To prevail on a motion to disqualify a judge, the party filing the motion must show extrajudicial bias or prejudice."). Instead, the sole basis for Defendant Rose's motion appears to be because Judge Snyder ruled against her, but contrary rulings are insufficient by themselves to show personal bias. *See Liteky*, 510 U.S. at 554–56. Accordingly, the Court **DENIES** Defendant's motion to disqualify.

IV.   Conclusion

For the foregoing reasons, Defendant's motion to disqualify is **DENIED**.

**IT IS SO ORDERED.**

: 
**Initials of Preparer**   TJ