Lupe Rose Shelby
40263 Preston RD
Palmdale, CA 93551
Phone | 661-675-5435
Lupeshelby1@gmail.com



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| SECURITIES AND EXCHANGE COMMISSION, | Case No.: 2-21-cv-07339-CAS-AS |
|---|---|
| Plaintiff, | RESPONSE AND RENEWED MOTION TO DISQUALIFY JUDGE CHRISTINA A. SNYDER |
| vs. | |
| LUPE ROSE and SHE BEVERAGE COMPANY, | |
| Defendant | |

**RESPONSE AND RENEWED MOTION TO DISQUALIFY JUDGE CHRISTINA A. SNYDER**

DEFENDANT LUPE ROSE'S RESPONSE AND RENEWED MOTION TO DISQUALIFY JUDGE CHRISTINA A. SNYDER

I. INTRODUCTION

Defendant Lupe Rose ("Defendant") respectfully submits this Response to the Court's Order denying her prior motion to disqualify District Court Judge Christina A. Snyder ("Judge Snyder"), Dkt. #142, and renews her request for disqualification under 28 U.S.C. §§ 144 and 455. The Court's denial overlooked critical facts demonstrating that a reasonable person, fully informed of the circumstances, would question Judge Snyder's impartiality. The pattern of procedural irregularities, undue reliance on opposing counsel's narrative, and systematic dismissal of Defendant's evidence and arguments constitute conduct that surpasses the ordinary scope of judicial rulings and raises a serious risk of bias. For these reasons, Defendant requests that Judge Snyder recuse herself from these proceedings and that the case be reassigned to a neutral judge.

II. LEGAL STANDARD

RESPONSE AND RENEWED MOTION TO DISQUALIFY JUDGE CHRISTINA A. SNYDER - 1

Under 28 U.S.C. §§ 144 and 455, a party may seek disqualification of a judge if the judge's impartiality "might reasonably be questioned." The Ninth Circuit applies the same substantive standard to motions under both statutes. See United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997). The test is whether a reasonable person, with knowledge of all the facts, would harbor doubts about the judge's impartiality. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

While judicial rulings alone rarely constitute sufficient grounds for disqualification, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, the Ninth Circuit recognizes that disqualification motions must be supported by "facts of times, places, persons, occasions, and circumstances with the particularity that would be reasonably expected in a bill of particulars." United States v. Zagari, 419 F. Supp. 494, 500 (N.D. Cal. 1976). "General or conclusory allegations will not suffice." Id.

III. STATEMENT OF FACTS

Defendant incorporates by reference her prior filings (Dkt. ##130, 140) and submits the following additional factual summary demonstrating that Judge Snyder's impartiality reasonably may be questioned.

A. Repeated Solicitation and Deference to Plaintiff's Counsel

During hearings and in the course of this litigation, Judge Snyder repeatedly solicited and deferred to the SEC's counsel, Stephen Kam, often asking him directly, "What do you think?" before addressing Defendant's arguments. This practice effectively allowed opposing counsel to frame the issues and influenced judicial decision-making without independent analysis.

B. Systematic Dismissal of Defendant's Evidence and Arguments

Despite Defendant's submission of extensive documentary evidence, including a comprehensive PCAOB audit, forensic financial reports, and newly discovered transaction records, Judge Snyder summarily dismissed this evidence without substantive analysis. Defendant's pro se status was not accorded the requisite leniency, and her detailed legal arguments, including those invoking Federal Rule of Civil Procedure 60(b), were characterized by opposing counsel and accepted by the Court as "repetitive," ignoring the introduction of new, material evidence.

C. Procedural Irregularities and Denial of Due Process

RESPONSE AND RENEWED MOTION TO DISQUALIFY JUDGE CHRISTINA A. SNYDER - 2

Judge Snyder's rulings reflect an apparent predisposition favoring the SEC's narrative, with repeated procedural rulings that curtailed Defendant's ability to present a full defense. The Court's denial of motions to set aside the judgment, vacate the bifurcation agreement, and dismiss proceedings occurred despite clear evidence of institutional misconduct and investigatory failures documented by Defendant.

IV. ARGUMENT

A. The Totality of Circumstances Demonstrates a Reasonable Question as to Judge Snyder's Impartiality

Taken as a whole, the facts demonstrate conduct that raises serious doubts about Judge Snyder's impartiality. The repeated solicitation of opposing counsel's viewpoint, dismissal of Defendant's evidence without meaningful review, and apparent predisposition toward Plaintiff's narrative go beyond routine adverse rulings and show a pattern of bias.

B. The Conduct Constitutes More than Judicial Rulings, Satisfying the "Extrajudicial Source" Requirement

Although judicial rulings alone rarely justify disqualification, here, the conduct extends to procedural irregularities and ex parte influences that constitute an extrajudicial source of bias. The Court's reliance on opposing counsel's characterization of Defendant's filings, without independent review, effectively abdicates judicial neutrality and raises a reasonable question regarding impartiality.

C. The Judge's Conduct Denied Defendant Due Process and the Right to a Fair Hearing

The Supreme Court has emphasized the constitutional requirement of an impartial tribunal. See Withrow v. Larkin, 421 U.S. 35, 46 (1975). Here, the Court's procedural rulings and conduct limited Defendant's ability to present critical evidence and challenge the SEC's allegations, thereby denying her fundamental due process rights.

D. Defendant Has Met the Requirement for Specificity and Particularity in Allegations

Defendant has provided detailed factual allegations, supported by transcripts, filings, and chronological accounts, meeting the "bill of particulars" standard required for disqualification motions. These facts are not general or conclusory but specific and supported by the record.

V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court reconsider its denial of the motion to disqualify Judge Christina A. Snyder and grant the motion. Alternatively, Defendant requests reassignment of this case to a different judge to preserve the integrity of the proceedings and ensure due process.

Respectfully submitted,

RESPONSE AND RENEWED MOTION TO DISQUALIFY JUDGE CHRISTINA A. SNYDER - 3

1 | Lupe L. Rose
2 | Defendant, Pro Se
3 |
4 |
5 | Lupe L. Rose
6 |             Lupe Rose July 11, 2025
7 | Pro Se Defendant
8 | *Lupe Rose Shelby*
9 |
...

RESPONSE AND RENEWED MOTION TO DISQUALIFY JUDGE CHRISTINA A. SNYDER - 4