STEPHEN T. KAM (Cal. Bar No. 327576)
Email: kams@sec.gov
JANET RICH WEISSMAN (Cal. Bar No. 137023)
Email: weissmanj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Gary Y. Leung, Associate Director
Douglas M. Miller, Supervisory Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SHE BEVERAGE COMPANY, INC., LUPE L. ROSE, SONJA F. SHELBY AND KATHERINE E. DIRDEN,<br><br>Defendants. | Case No. 2:21-cv-07339-CAS-AS<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO DEFENDANT LUPE ROSE'S RENEWED MOTION TO DISQUALIFY JUDGE CHRISTINA A. SNYDER**<br><br>Date: September 5, 2025<br>Time: 1:30 pm<br>Ctrm: 6A<br>Judge: Hon. Michelle Williams Court |

## I. INTRODUCTION

Plaintiff Securities and Exchange Commission ("SEC") submits this response to defendant Lupe Rose's Renewed Motion to Disqualify Judge Christina A. Snyder (the "Renewed Motion"). (Dkt. No. 143). The SEC respectfully requests that the Court deny the Renewed Motion as it does not present any additional evidence and simply raises the same arguments as defendant's May 16, 2025 Motion for Disqualification of Judge Christina A. Snyder, which this Court denied on June 25, 2025. (Dkt. No. 142).

## II. PROCEDURAL BACKGROUND

On September 14, 2021, the SEC filed its complaint against SHE Beverage Company Inc. ("SHE Beverage") and Defendants Lupe L. Rose, Sonja F. Shelby, Katherine E. Dirden (the "Individual Defendants"). (Dkt. No. 1.) The SEC alleged that SHE Beverage and the Individual Defendants (collectively, the "Defendants") violated Sections 5 and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77(e)(a), 77(e)(c), 77q(a), and Section l0(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j (b), and Rule l0b-5 thereunder, 17 C.F.R. § 240.10b-5(a)-(c), by conducting a fraudulent offering between 2017 and 2019 and raising $15.4 million. Specifically, the Complaint alleged that in the Defendants' offering memoranda and in communications with investors, the Defendants made numerous false representations to investors. On November 15, 2021, Defendants filed their Answer to the Complaint. (Dkt. No. 13).

Defendants retained counsel on two separate occasions, but counsel for each of the Defendants subsequently withdrew from representation. (Dkt. Nos. 39 and 52). On November 1, 2022, the Court ordered that Defendant SHE Beverage retain counsel within thirty days of that order. (Dkt. No. 60). On December 21, 2022, the clerk entered an order to show cause why the clerk should not enter default against SHE Beverage for not retaining counsel. (Dkt. No. 75).

|   |   |
|---|---|
| 1 | On March 22, 2023, the SEC filed the Individual Defendants' signed |
| 2 | bifurcated consents in which they agreed to the entry of a consent judgment |
| 3 | imposing officer-and-director bars and permanently enjoining them from future |
| 4 | securities law violations. (Dkt. Nos. 83-85). The bifurcated consents allowed them |
| 5 | to contest the amount of disgorgement of ill-gotten gains and civil penalty to be |
| 6 | imposed by this Court at a remedies hearing. *Id.* The consent judgments further |
| 7 | provided that in connection with the SEC's motion for monetary remedies, all |
| 8 | factual allegations of its complaint shall be deemed true. *Id.* On March 30, 2023, |
| 9 | the Court entered the consent judgments against Rose, Shelby and Dirden, enjoining |
| 10 | them from violations of Sections 5 and 17(a) of the Securities Act and Section 10(b) |
| 11 | of the Exchange Act and Rule 10b-5 thereunder and barring them from serving as |
| 12 | officers or directors of public companies pursuant to Section 21(d) of the Exchange |
| 13 | Act. (Dkt. Nos. 86-88). On April 3, 2023, the clerk entered a notice of default |
| 14 | against SHE Beverage. (Dkt. No. 90). |
| 15 | On August 18, 2023, the SEC filed a Motion for Default Judgment against |
| 16 | SHE Beverage as well as a Motion for Monetary Remedies against the Defendants. |
| 17 | (Dkt. Nos. 93-94). The SEC's request for monetary remedies appended a sworn |
| 18 | declaration submitted by Eric Poer, a senior managing director in FTI Consulting |
| 19 | Inc.'s Forensic & Litigation Consulting segment, along with his report which |
| 20 | documented his expert opinions in support of the SEC's request for monetary relief. |
| 21 | (Dkt. Nos. 94-3 and 103). On September 18, 2023, the Court granted the SEC's |
| 22 | Motion for Default Judgment against SHE Beverage. (Dkt. No. 98). |
| 23 | During briefing on monetary remedies, Rose began filing a series of |
| 24 | documents which included unsupported accusations against numerous individuals. |
| 25 | As one example, on September 20, 2023, Rose requested that the Court dismiss the |
| 26 | action against her (1) claiming that she was the subject of a "revenge plot by my |
| 27 | enemies," a "Witch-hunt Narrative," a "modern-day lynching," (2) asserting false |
| 28 | accusations against her shareholder victims, SHE Beverage's former employees, |

outside lawyers, contractors, and consultants, the Federal Bureau of Investigation, as well as SEC counsel and lawyers at the Department of Justice, and (3) falsely claiming that her investors and members of the beverage industry engaged in discrimination against her. (Dkt. No. 100). On November 13, 2023, the Court held a remedies hearing and considered Rose's arguments that she was the subject of an alleged government conspiracy. (Dkt. No. 103). The Court further allowed Rose to describe "additional evidence" in her possession of alleged business expenses. *Id*. On November 20, 2023, the Court granted Rose leave to submit approximately 1,600 pages of additional evidentiary material, which she argued represented SHE Beverage Company's business expenses. (Dkt. No. 106).

After allowing Rose to supplement the record with further evidence and a full consideration of her arguments, the Court issued a detailed and well-reasoned December 14, 2023 order "den[ying] Rose's request to dismiss this case," making comprehensive findings "that Defendant Rose has not presented any evidence of legitimate business expenses," and ordering the Defendants to jointly and severally pay $12,021,500 in disgorgement of ill-gotten gains plus $738,774 in prejudgment interest. (Dkt. No. 108). In its order, the Court walked through each category of exhibit that Rose had presented and articulated why the exhibits failed to substantiate legitimate business expenses that should be deducted from Rose's disgorgement liability. *Id.* The Court also imposed a civil monetary penalty of $669,687 against Rose, a civil monetary penalty of $334,842 against Shelby, and a civil monetary penalty of $334,842 against Dirden. *Id.* The Court entered final judgments against Defendants on January 16, 2024. (Dkt. Nos. 110-13).

On January 18, 2024, the U.S. Attorney's Office for the Central District of California filed a criminal indictment against Rose alleging that she "marketed SHE Beverage to the victim-investors as a successful beverage company [and] . . . falsely stated that the money raised from victim-investors through the sale of SHE Beverage shares would be used to fund the operations of SHE Beverage," when in

3

1  fact "Rose used the funds personally to enrich herself and her friends and family."
2  (Dkt. No. 1, *U.S. v. Rose*, 2:24-cr-00037-GW-1 (C.D. Cal. Jan. 18, 2024)).  Trial in
3  the criminal case against Rose is currently set for May 5, 2026.  (*Id.* Dkt. No. 56).
4       On March 12, 2025, fourteen months after the conclusion of this civil
5  enforcement action by the SEC in January 2024, Rose filed a series of documents
6  requesting that the Court set aside the final judgment, again claiming that she was
7  the subject of a government conspiracy and accusing the Department of Justice and
8  the SEC of "deliberately suppress[ing] financial evidence" and "fabricat[ing]
9  allegations of financial impropriety."  (Dkt. Nos. 115 and 118).  She again attacked
10 the accounting methodology of Eric Poer, which was previously submitted to the
11 Court in October 2023, and argued without evidence that he engaged in
12 "Quantitative Suppression Analysis."  (Dkt. No. 117).  She again complained of a
13 "[l]ack of legal representation," despite the fact that she had retained two sets of
14 counsel during the SEC litigation and both subsequently withdrew from further
15 representing her.  (Dkt. No. 119).  She also attached a virtually identical set of
16 purported exhibits that she had previously submitted to the Court in her November
17 20, 2023 filing, which the Court already reviewed and dismissed.  Finally, she
18 argued that the Supreme Court decision in *SEC v. Jarkesy*, 603 U.S. 109 (2024),
19 which addressed the constitutionality of SEC administrative proceedings in which
20 the SEC has alleged securities fraud and is seeking civil monetary penalties,
21 warranted relief from her final judgment in this Article III court.  (Dkt. No. 115 at
22 3).  The SEC filed an opposition to Rose's motion to vacate on March 26, 2025.
23 (Dkt. No. 123).  That same day, Rose filed her reply.  (Dkt. No. 124).
24      On April 28, 2025, the Court held a hearing on Rose's motion to vacate the
25 final judgment, where it permitted Rose to once again argue that she was the victim
26 of a far-ranging government conspiracy and to argue that the purported exhibits she
27 submitted in support of her motion to vacate demonstrate legitimate business
28 expenses.  (Dkt. No. 128).  After the hearing, the Court issued an order denying

Rose's motion. *Id.* The order found that "Rose's motions, construed under Rule 60, are untimely and fail to establish a claim for relief." *Id.* at 7. Specifically, the Court found, *inter alia*, that (1) "the evidence presented in Rose's instant motions is similar to that submitted in her opposition to the SEC's motion for disgorgement, prejudgment interest, and civil penalties" and that the Court had already "thoroughly reviewed" this evidence during the litigation, (2) "Rose's wide-ranging assertions do not constitute evidence of fraud or misrepresentation by the SEC," (3) "the nature of the purported change in the law in *Jarkesy* does not impact the final judgment that Rose seeks to set aside." *Id.* at 8-10.

On May 16, 2025, Rose filed a "Motion for Disqualification of Judge Pursuant to California Code of Civil Procedure § 170.6." (Dkt. No. 130). In her motion, Rose accused the presiding judge of "judicial bias, prejudice, and denial of Defendant's constitutional right to a fair and impartial hearing" and of engaging in "a pattern of judicial bias [and] procedural irregularities." *Id.* at 1. She alleged that the presiding judge engaged in "repeated deference to prosecutorial counsel's narrative, refusal to consider substantial new evidence, and abrupt curtailment of Defendant's oral argument." *Id.* at 2. Finally, Rose argued that she was "denied the opportunity to present critical evidence explaining complex cash operations and legitimate business expenditures" and that the presiding judge improperly disregarded a purported $80,000 PCAOB audit. *Id.* On June 20, 2025, the SEC filed its response to Rose's motion. (Dkt. No. 139). Rose filed her reply on the same day. (Dkt. No. 140).

On June 25, 2025, this Court issued an order denying Rose's motion to disqualify. (Dkt. No. 142). In its order, the Court found that "Defendant Rose's general and conclusory allegations of judicial bias do not support disqualification." *Id.* at 4. The Court also noted that "the record reflects no impartiality or bias" and that "the sole basis for Defendant Rose's motion appears to be because Judge

1  Snyder ruled against her, but contrary rulings are insufficient by themselves to show
2  personal bias." *Id.*
3        On July 11, 2025, Rose filed the instant Renewed Motion to Disqualify Judge
4  Christina A. Snyder.  (Dkt. No. 143).  Rose's Renewed Motion makes virtually the
5  same arguments as her May 16, 2025 Motion for Disqualification, which this Court
6  already denied on June 25, 2025, again arguing that the presiding judge engaged in
7  a "pattern of procedural irregularities, undue reliance on opposing counsel's
8  narrative, and systematic dismissal of Defendant's evidence and arguments." *Id.* at
9  1.  As with her May 16, 2025 motion, Rose similarly argues that the Court
10 improperly disregarded a purported "comprehensive PCAOB audit."  *Id.* at 2.

## III. ARGUMENT

### A. Rose's Motion for Reconsideration[1] Is An Extraordinary Remedy

"In the Central District of California, 'motions for reconsideration are governed by Local Rule 7-18.'" *Kiwijet, LLC v. Guangzhou Hayonex Int'l Logistics Co. Ltd*, No. 2:21-CV-07515-FWS, 2024 WL 3468811, at *2 (C.D. Cal. May 22, 2024) (quoting *Milton H. Green Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008)).  Pursuant to Local Rule 7-18, a party may move for reconsideration of an order on any motion or application, where it can demonstrate "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  L.R. 7-18.

Reconsideration is "an extraordinary remedy," *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), and "is appropriate if the district court . . . committed clear error."  *William Morris Endeavor Ent., LLC v. Writers Guild of Am.*, 478 F. Supp. 3d 932, 938 (C.D. Cal. 2020) (quoting *Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).  A

---

[1] Rose does not cite any basis for submitting her Renewed Motion.  The SEC assumes Rose is requesting that the Court reconsider its June 25, 2025 order denying her Motion for Disqualification of Judge Christina A. Snyder.

motion for reconsideration will be denied where the movant does not present newly discovered evidence or an intervening change in the controlling law and simply argues that the Court was wrong in its decision. *ArchitectureArt LLC v. City of San Diego*, No. 15-CV-01592-BAS-NLS, 2017 WL 1346899, at *1 (S.D. Cal. Apr. 4, 2017). *See also Wargnier v. National City Mortg. Inc.,* No. 09cv2721–GPC–BGS, 2013 WL 3810592, at *2 (S.D. Cal. July 22, 2013) (explaining that a motion for reconsideration will be denied where the motion reflects the same arguments, facts and case law that were previously considered and ruled upon by the court); *Becker v. Wells Fargo Bank,* No. 2:12–cv–501 KJM CKD, 2013 WL 3242249, at *1 (E.D. Cal. June 25, 2013) ("[A] motion for reconsideration is not an appropriate vehicle for rehashing arguments the court has already considered.") (citation omitted).

### B. Rose's Motion Presents the Same Arguments That This Court Has Already Disregarded

There is no basis for this Court to reconsider its June 25, 2025 order denying Rose's Motion to Disqualify Judge Snyder. Rose's Renewed Motion simply presents the same arguments, without supporting evidence, that she presented in her May 16, 2025 Motion to Disqualify. (Dkt. No. 130). Rose again argues without evidence that the presiding judge engaged in a "pattern of procedural irregularities, undue reliance on opposing counsel's narrative, and systematic dismissal of Defendant's evidence and arguments" and that the Court improperly disregarded a purported "comprehensive PCAOB audit." Dkt. No. 143 at 1-3.

The Court already considered and dismissed Rose's arguments in its June 25, 2025 order, finding that "Defendant Rose's general and conclusory allegations of judicial bias do not support disqualification." (Dkt. No. 142 at 4). Because Rose does not cite to any additional evidence and does not present any additional arguments that were not already considered by this Court, there is no basis for this Court to reconsider its order. *See Kenneweg v. Indymac Bank, FSB*, 2011 WL

1750712, at *1 (D. Nev. May 6, 2011) ("[r]econsideration is not an avenue to re-litigate the same issues and arguments, upon which the court already has ruled").

**IV.    CONCLUSION**

For the reasons set forth above, the SEC respectfully requests that the Court deny Rose's Renewed Motion to Disqualify Judge Christina A. Snyder.

Dated: August 15, 2025

/s/ Stephen T. Kam
STEPHEN T. KAM
Attorney for Plaintiff
Securities and Exchange Commission

8

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On August 15, 2025, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO DEFENDANT LUPE ROSE'S RENEWED MOTION TO DISQUALIFY JUDGE CHRISTINA A. SNYDER** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☒ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: August 15, 2025

/s/ *Stephen T. Kam*
Stephen T. Kam

1

*SEC v. She Beverage Company, Inc.*
**United States District Court for the Central District of California**
Case No. 2:21-cv-07339-CAS-AS

# SERVICE LIST

SHE Beverage Company, Inc.
39950 Capland Drive
Palmdale, CA 93551
***DEFENDANT***
*(Via UPS)*

Lupe L. Rose
40263 Preston Rd.
Palmdale, CA 93551
luperosetheceo@gmail.com
lupe@shebeverages.com
***DEFENDANT***
*(Via UPS)*

Sonja F. Shelby
39950 Capland Drive
Palmdale, CA 93551
sonjashelby@yahoo.com
sshelby@shebeverages.com
***DEFENDANT***
*(Via ECF)*

Katherine E. Dirden
2010 West Ave K #247
Lancaster, CA 93536
katdirden@gmail.com
***DEFENDANT***
*(Via ECF)*