FILED

CLERK, U.S. DISTRICT COURT

09/05/2025

CENTRAL DISTRICT OF CALIFORNIA

BY ____GSA____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Lupe Rose Shelby
7426 Cherry Avenue
210-744
Fontana, CA 92336
Phone | 661-675-5435
Lupeshelby1@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, vs. LUPE ROSE and SHE BEVERAGE COMPANY, Defendant | Case No.: 2-21-cv-07339-CAS-AS DEFENDANT LUPE ROSE'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, NEW MATTER |
| --- | --- |

DEFENDANT LUPE ROSE'S MOTION FOR RELIEF FROM JUDGMENT

PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Defendant Lupe Rose, appearing pro se, respectfully moves this Court pursuant to Federal

Rule of Civil Procedure 60(b) for relief from the judgment entered against her. This motion

is based on newly discovered evidence, procedural irregularities, and excusable neglect

due to personal circumstances, which together justify reopening the case to ensure

fundamental fairness and due process.

I. NEW MATTER

DEFENDANT LUPE ROSE'S MOTION FOR RELIEF FROM JUDGMENTPURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, NEW MATTER - 1

Defendant previously submitted comprehensive financial evidence and an expert forensic accounting report prepared by Eric Poer, which directly challenged the SEC's claims and the accuracy of the judgment. Despite these timely submissions, the Court did not address or consider this critical evidence in its rulings or in entering the $12 million judgment. This motion is not a mere repetition of prior arguments but brings to the Court's attention that Defendant's evidence was effectively overlooked, resulting in a manifest injustice. Furthermore, Defendant's delay in filing motions to challenge the judgment was due in part to caregiving responsibilities for her terminally ill mother, who passed away on April 7, 2025. During this period, Defendant acted with reasonable diligence in addressing the Court's orders and motions whenever possible under difficult personal circumstances. Accordingly, Defendant respectfully requests that the Court grant relief under Rule 60(b) to reopen the case and consider the unaddressed evidence critical to the merits of this matter.

II. STATEMENT OF FACTS

A. Unaddressed Evidence

Defendant invested approximately $2.7 million of personal funds into She Beverage Company, documented in submitted financial records. The expert report by Eric Poer exposes significant flaws in the SEC's accounting and disproves allegations of misuse and embezzlement, clarifying legitimate business expenses and properly accounting for Defendant's investments.

This evidence was submitted but never ruled upon or incorporated into the Court's judgment.

B. Personal Circumstances Affecting Timeliness

Defendant was the primary caregiver for her mother, who suffered a rapid health decline and passed away in April 2025. These circumstances limited Defendant's ability to promptly respond to filings and motions despite acting diligently when possible.

III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits relief from a final judgment for reasons including:

- (2) newly discovered evidence that with reasonable diligence could not have been discovered earlier;

- (3) fraud, misrepresentation, or misconduct by an opposing party; and

- (6) any other reason justifying relief.

The Supreme Court instructs that Rule 60(b) is remedial and should be liberally construed to achieve justice. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

To prevail under Rule 60(b)(2), the newly discovered evidence must be material and likely to change the outcome. See *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

Rule 60(b)(3) requires clear and convincing proof of fraud or misconduct that prevented a fair trial. See *Cemex, Inc. v. Baker*, 917 F.3d 770, 776 (9th Cir. 2019).

Rule 60(b)(6) applies in extraordinary circumstances where necessary to prevent manifest injustice. See *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949); *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).

IV. ARGUMENT

DEFENDANT LUPE ROSE'S MOTION FOR RELIEF FROM JUDGMENTPURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, NEW MATTER - 3

A. Relief Is Justified Based on Newly Discovered and Unaddressed Evidence

The expert report by Eric Poer and Defendant's financial records constitute newly discovered evidence that could not have been fully considered in prior proceedings. The Court's failure to address this material evidence warrants relief under Rule 60(b)(2). See *Alpine Land*, 984 F.2d at 1049.

B. Excusable Neglect Justifies Delay

Defendant's delay in pursuing relief was excusable due to her role as primary caregiver to her terminally ill mother. The Supreme Court recognizes that personal hardships may justify relief from judgment under Rule 60(b)(6). See *Pioneer Inv.*, 507 U.S. at 395-96.

C. Fundamental Fairness Requires Reconsideration

Denying relief despite unaddressed dispositive evidence violates due process and risks upholding an unjust judgment. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (due process violations justify relief).

V. CONCLUSION

For these reasons, Defendant respectfully requests that the Court:

1.  Grant relief from judgment under Rule 60(b);

2.  Reopen the case to consider the unaddressed evidence and expert report;

3.  Afford Defendant a meaningful opportunity to present her defenses; and

4.  Grant any other relief the Court deems just and proper.

Respectfully submitted,


Lupe L. Rose

DEFENDANT LUPE ROSE'S MOTION FOR RELIEF FROM JUDGMENTPURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, NEW MATTER - 4

Lupe Rose July 11, 2025

Pro Se Defendant

*Lupe Rose Shelby*

DEFENDANT LUPE ROSE'S MOTION FOR RELIEF FROM JUDGMENTPURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT, NEW MATTER - 5